(No. 32435.—

ALVA STRADER, Township Treasurer, *et al.,* *vs.* BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT No. 1 OF COLES COUNTY, ILLINOIS, *et al.,* Appellees.— (W. S. BROWN *et al.,* Appellants.)

*Opinion filed January 22, 1953.*

LAUGHER & FRUIN, of Paris, (ROGER FRUIN, and HARRY I. HANNAH, of Mattoon, of counsel,) for appellants.

H. OGDEN BRAINARD, of Charleston, MASSEY, ANDERSON & GIBSON, of Paris, and NICHOLS & JONES, of Tuscola, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is a direct appeal from an order of the circuit court of Douglas County denying appellants leave to file an intervening petition in a suit of interpleader brought by the township treasurer and trustees of schools of Township No. 14, Range No. 9, Douglas County, against the Board of Education of Community Unit School District No. 1 of Coles County, Board of Education of Oakland Community Unit School District No. 5 of Coles and Douglas Counties, and Board of Education of Arcola-Hindsboro Community Unit School District No. 306 of Douglas and Coles County. By their action of interpleader the treasurer and trustees of schools of Township No. 14, Range No. 9, sought the direction of the court as to the

distribution of certain assets among the defendant districts. Appellants, as residents and taxpayers of the territory formerly included in Community High School District No. 157, Douglas County, known as the "Hindsboro District" sought to intervene in the action of interpleader on behalf of themselves and others similarly situated. Appellants' principal concern was the disposition of the proceeds from the sale of $150,000 of bonds which had been issued by the Hindsboro District to secure funds to build an addition to the high school building. By their intervening petition appellants sought to be made parties defendant in the case, to have the bond money impounded and held for the sole purpose of paying off the bonds or in the alternative that there be an apportionment of an assessment over all the defendant districts to raise the necessary sums to pay the interest and principal on the bonds. After denying appellants' leave to intervene, the court entered an order which, among other things, provided that the proceeds from the sale of the bonds, including interest, be divided among the defendant districts *pro rata* in accordance with the provisions of sections 4-46 and 4-47 of the School Code. Ill. Rev. Stat. 1951, chap. 122, pars. 4-46 and 4-47.

It appears that prior to July 1, 1948, there existed in Township 14, Range 9, Douglas County, six separate school districts or parts thereof, one of which was the high school district known as the "Hindsboro District." This district had, by an election held May 31, 1947, voted bonds in the amount of $150,000 to secure funds to build an addition to its high school building. The bonds were sold and the proceeds from the sale were invested in securities of the United States. No addition was built and no contract was let. Because of facts hereafter related the purpose for wl ich the bonds were issued and sold could not be accomplished.

Effective as of July 1, 1948, all of the territory formerly included in the six "old districts" in Township 14, Range 9, Douglas County, became a part of, and was in-

cluded in, one or more of three new districts. They were the districts named defendants in the interpleader action. The old districts were dissolved and the territory formerly comprising the "Hindsboro District" was divided among all three of the new districts. As of July 1, 1948, the treasurer and trustees of schools of Township 14, Range 9, Douglas County, had on hand assets formerly belonging to the six old districts including school buildings, school sites, personal property and cash. Among the assets held by them were the proceeds from the sale of the building bonds in the form of government securities, together with accrued interest. The interpleader action recites that it is filed because of the inability of the new districts to agree upon the method of distributing the various assets. Each of the defendants in the interpleader action filed an answer and one filed a counterclaim as well. The final order for distribution of the assets was entered by the circuit court of Douglas County on January 4, 1952.

Appellants seek to raise a number of questions on this appeal which properly relate to the final decree entered by the trial court involving the ultimate disposition of the bonds and assets. This they cannot do. Appellants were not parties to the interpleader action and the final decree entered in that cause was not in any sense an adjudication of any of the rights or interests of appellants. It appears that they sought to intervene in the cause and be made parties defendant but that the right to do so was denied by the court. At the time the final decree was entered, appellants were not parties to the action. They have no standing to appeal from that decree. Indeed, the notice of appeal filed by appellants states that the appeal is being taken from the order of the trial court denying leave to file the intervening petition. This notice of appeal correctly stated appellants' position. The only issue properly involved in this appeal is whether or not the trial court erred in denying the right to file the intervening petition. The scope of

inquiry cannot be broadened to include questions relating to the correctness of the final decree upon the merits.

The question then presents itself whether or not this court has jurisdiction of a direct appeal. Appellants' theory in bringing the case directly to this court is not clear. The argument is advanced that the statute under which the trial court ordered a distribution of funds is unconstitutional. It may be that appellants believe that this court has jurisdiction on the ground that the validity of a statute is involved. (Ill. Rev. Stat. 1951, chap. 110, par. 199.) Before this court can take jurisdiction upon a direct appeal on the ground that a constitutional question is involved, it must appear from the record not only that there is a substantial and debatable constitutional question, but that the question was raised in the trial court, passed upon there, and properly preserved on appeal. (*Teren* v. *City of Chicago,* 413 Ill. 141.) The validity of the statute in question was not passed upon by the trial court in denying leave to intervene. That order decreed only that appellants were not to be permitted to enter the pending litigation. The validity of the statute, if involved at all, was involved in connection with a decree on the merits and the distribution of funds as directed in the final decree. As we have already indicated, appellants were not parties to that proceeding and their rights were not affected.

Appellees, while questioning the right of appellants to appeal directly to this court, state that they do not object to this court's consideration of the case and will be happy to have it retain jurisdiction. But mere consent of the parties is not sufficient to give this court jurisdiction upon direct appeal. (*Jones* v. *Horrom,* 363 Ill. 193; *Hackner* v. *Van Wyck,* 381 Ill. 622.) Though the question of jurisdiction is not raised by the parties, it is the duty of this court to decline to proceed in a cause where jurisdiction to determine it is wanting. (*Wylie* v. *O'Connor,* 363 Ill. 615; *In re Estate of Kaindl,* 411 Ill. 608.) This court will of

its own motion if necessary examine the jurisdictional basis of the appeal. (*Murray* v. *Sheridan,* 411 Ill. 65.) It is idle to talk of this court's "retaining jurisdiction" where no jurisdiction exists under the law.

Since this court has no jurisdiction to entertain this appeal, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*