Cruz O. MATA, and Carolyn Marie Mata Individually and as Mother and Next Friend of Melissa M. Mata, Monica Lee Mata, Esteben Cruz Mata, Diana Marie Mata, and Vanessa Mata, Plaintiffs,

v.

CLARION FARMERS ELEVATOR CO-OPERATIVE and State of Iowa, Bureau of Labor-Elevator Safety Division, Appellees,

v.

PREVENTATIVE MAINTENANCE, INC., Third-Party Defendant,

American Insurance Company, Intervenor-Appellant.

No. 85–347.

Supreme Court of Iowa.

Jan. 15, 1986.

**426**

Michael R. Hoffmann, and Joseph S. Cortese II of Jones, Hoffmann & Davison, Des Moines, for intervenor-appellant.

Gary D. Ordway and Douglas A. Haage of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee Cooperative.

Thomas J. Miller, Atty. Gen., and Charles S. Lavorato and James M. Peters, Asst. Attys. Gen., for appellee State.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves the right of indemnity of an employer's insurance carrier in a worker's compensation case.

Cruz O. Mata was employed by Preventative Maintenance, Inc. to work on elevators. American Insurance Company was the insurance carrier of Preventative Maintenance for workers' compensation. The State of Iowa, through its Bureau of Labor-Elevator Safety Division, inspects elevators. Mata sustained injuries while repairing an elevator on the premises of Clarion Farmers Elevator Cooperative on May 19, 1981.

American paid Mata's medical expenses and also paid him weekly benefits. At the time of the proceedings in district court, American still had future weekly benefits to pay.

On April 28, 1983, Mata, his wife, and his children commenced this third-party action against the Cooperative and the State (and another party not now involved), alleging tort liability on their part for Mata's injuries. Mata asked damages for himself, and his wife and children asked damages for loss of consortium. The Matas alleged inter alia that they had a tort claim pending with the Iowa State Appeals Board which they believed would be denied. The Cooperative and the State answered, denying liability. The Cooperative also brought in Preventative Maintenance on a cross claim asking indemnity. That branch of the case is not now before us and we intimate no opinion as to its validity. *See Reese v. Werts Corp.*, 379 N.W.2d 1 (Iowa 1985).

Preventative Maintenance and American were not served with notice of the Matas' tort action. On November 7, 1984, however, an original notice of the Cooperative's cross claim was served on Preventative Maintenance.

On December 6, 1984, at 11:10 a.m., Mrs. Mata and the children filed a dismissal with prejudice of their part of the tort action. At 11:13 a.m. the same day, without the written consent of Preventative Maintenance or American or the written approval of the industrial commissioner, Mata filed a dismissal with prejudice of his part of the action.

On the same day at 4:25 p.m., "Preventative Maintenance Company" and "Fireman's Fund Insurance Company" filed in the action a notice of worker's compensation lien, then in the amount of $63,759.66. The following day at 12:01 p.m. "Preventative Maintenance Incorporated" and "The American Insurance Company" filed a supplemental notice of the lien. At 12:02 p.m. on that following day, American filed a petition of intervention allying itself with Cruz O. Mata in the action and asking indemnity on statutory grounds from the Cooperative and the State for past and future worker's compensation payments made and to be made to Mata.

Subsequently American moved that Mr. Mata's dismissal with prejudice be stricken, and supported the motion with a copy of a letter dated December 5, 1985, from the attorneys for the Cooperative and the State and to the Matas' attorney, offering to settle with Cruz O. Mata in his representative capacity for his children and not individually, and with Carolyn Marie Mata, in the amount of $4000 each for the five children and $30,000 for Mrs. Mata, for a total of $50,000.

On December 12, 1984, the Cooperative moved to dismiss and strike American's petition of intervention. The State joined in that motion and later by motion added an additional ground.

American by motion tendered an amendment to its petition of intervention asking indemnity from the Cooperative and the State based on several specifications of negligence.

The district court set for hearing (1) the motions of the Cooperative and the State to dismiss and strike the petition of intervention, (2) the motion of American to strike the dismissal of Cruz O. Mata, and (3) the motion of American to amend its petition of intervention. After hearing, the court held that the Matas' action had been dismissed before the petition of intervention was filed so that no pending action existed into which American could intervene. The court also held that allowing American to assert an indemnity claim against the Cooperative and the State while the Cooperative was asserting an indemnity claim against Preventative Maintenance would constitute improper joinder because of confusion and difficulty for a jury. The court therefore dismissed and struck the petition of intervention, and found no further rulings necessary.

American appealed, and we denied motions by the Cooperative and the State to dismiss the appeal.

While the case bristles with legal problems, at present our inquiry is limited to the issues submitted to the district court: the motion to dismiss and strike the petition of intervention, the related motion to strike Cruz O. Mata's dismissal with prejudice, and the motion to amend the petition of intervention.

■ I. *Motion to dismiss and strike intervention.* Ordinarily an employer's insurance carrier which has paid worker's compensation has a right to intervene in the employee's damage action against a third party. *Price v. King,* 255 Iowa 314, 320, 122 N.W.2d 318, 322 (1963). *See* 2A A. Larson, *Workmen's Compensation* § 74.-16(d), at 14–363 (1983) (permitting intervention or joinder is "[o]ne obvious way to see that everyone's interests are watched over").

■ On the other hand, a party may not intervene in an action between other parties which had been dismissed before the intervention was interposed. *Keehn v. Keehn,* 115 Iowa 467, 472–73, 88 N.W. 957, 958 (1902). The question is whether the first or the second of these rules applies under present facts. We hold the first rule applies because Mr. Mata's tort action had not been effectually dismissed when American intervened.

■ A. We turn to the specific provisions of our workers' compensation statute. The pertinent part of section 85.22 of the Iowa Code of 1983 provides:

When an employee receives an injury ... for which compensation is payable under this chapter ... and which injury ... is caused under circumstances creating legal liability against some [other] person ... to pay damages, the employee ... may take proceedings against the employer for compensation, and the employee ... may also maintain an action against such third party for damages. When an injured employee ... brings an action against such third party, a copy of the original notice shall be served upon the employer by the plaintiff, not less than ten days before the trial of the case, but a failure to give such notice shall not prejudice the rights of the employer, and the following rights and duties shall ensue:

1. [Employer or employer's compensation insurer is indemnified out of payment by third party and may file lien.]

2. [If employee does not sue third party within ninety days, employer/insurer may serve thirty-day notice on employee to bring action against third party, failing which employer/insurer is subrogated to employee's rights.]

3. *Before a settlement shall become effective* between an employee ... and such third party who is liable for the injury, *it must be with the written consent of the ... employer or insurer,* in case the settlement is between the employee and such third party; or upon a refusal of consent ... then upon the written approval of the industrial commissioner.

...

(Emphasis added.) *See Armour-Dial, Inc. v. Lodge & Shipley Co.,* 334 N.W.2d 142 (Iowa 1983).

For purposes of considering the motions to dismiss and strike the intervention, we may assume two scenarios: one in which Mr. Mata's dismissal of his claim was not in fact a part of an overall settlement of the Matas' action against the Cooperative and the State, and the other in which Mr. Mata's dismissal was in fact part of the inducement and consideration for an overall settlement.

The first scenario assumes the Cooperative and the State believed that the claims of Mrs. Mata and the children were worth $50,000 and paid them such amount without reference to Mr. Mata's claim, and Mr. Mata decided independently to drop his own claim and dismissed it with prejudice. Is such a *dismissal* by Mr. Mata within the ambit of section 85.22(3) (written consent or approval required "[b]efore a *settlement* shall become effective" (emphasis added)?

We give statutory language "the usual and ordinary meaning ... but the manifest intent of the legislature will prevail over the literal import of the words used." *American Home Products v. Iowa State Board of Tax Review,* 302 N.W.2d 140, 142–43 (Iowa 1981). *See Johnson v. United States,* 163 F. 30, 32 (1st Cir.1908) (Holmes, J. sitting as circuit judge: "The Legislature has the power to decide what the policy shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed. The major premise of the conclusion expressed in a statute, the change of policy that induces enactment, may not be set out in terms, but it is not an adequate discharge of duty for the courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before.").

So far as now relevant, section 85.22 provides reimbursement to employers/insurers out of employees' claims against third parties. Under the first paragraph of the section, an employee who sues a third party is required to serve a copy of the original notice upon the employer at least ten days before trial of that suit. The next paragraph gives the employer/insurer a right of indemnity out of an employee's recovery from the third party, and provides that the employer/insurer may obtain a lien as security. The succeeding paragraph gives the employer/insurer a right of subrogation if, after a lapse of time and demand, the employee does not sue the third party. The following paragraph makes an employee's settlement with the third party contingent on the written consent of the employer/insurer or the commissioner's written approval. We think this comprehensive scheme compels the conclusion that an employee's dismissal is tantamount to a settlement under section 85.22(3). Otherwise the legislative plan for reimbursement of the employer-insurer can be undermined.

The possible consequences of a contrary conclusion are apparent. When the employee dismisses the action against the third party, the statute of limitations may have run on a subrogation action by the employer/insurer. Moreover, if the employee dismisses "with prejudice," as here, the employer/insurer must attempt to overcome a claim-preclusion defense to a subrogation action. In any case the employer in-

surer's right of indemnity could be subverted by the third party's simply paying the family members for loss of consortium and having the employee himself dismiss his third-party claim—or at least by so proceeding the third party could put the employer/insurer to a lawsuit to try to prove that the employee's dismissal was in fact part of the inducement for the payment. We hold that a dismissal of an employee's third-party action is not valid without the written consent of the employer or insurer or, if they refuse, without the written approval of the commissioner.

Under this first scenario, the attempted dismissal by Mr. Mata is thus of no effect and the petition of intervention is proper. The settlement of $50,000 is allocated to Mrs. Mata and the children, none of it applies on Mr. Mata's claim or goes to American as reimbursement, *Naig v. Bloomington Sanitation,* 258 N.W.2d 891, 895 (Minn.1977), and Mr. Mata's action with American as intervenor proceeds to trial against the Cooperative and the State, with no credit to them upon any judgment Mata obtains against them.

■ Under the second scenario, we may assume that the dismissal by Mr. Mata was in fact part of the inducement and consideration for the payment of $50,000 by the Cooperative and the State. If American establishes at trial that such is the fact, the settlement, including Mr. Mata's dismissal with prejudice, did not become "effective" *as to Mr. Mata's claim* by virtue of section 85.22(3) of the Code; his action remained pending; and the intervention was proper. In that event, a fact-finding would be necessary as to the portion of the settlement of $50,000 which is actually allocable to Mr. Mata. *See Mastin v. Liberal Markets,* 674 S.W.2d 7, 13 (Ky.1984) (employer/insurer not bound by allocation of recovery in settlement to which they were not parties). American would be entitled to that portion (less a proportionate part of the Matas' attorney fees if the payment of $50,000 is subject to attorney fees) to apply against its worker's compensation payments. Mr. Mata's action with American's intervention

would go forward, but the Cooperative and the State would be entitled to credit on any judgment against them subsequently rendered in that action. The credit would be in the amount of the prior settlement allocated to Mr. Mata (and paid to American) before reduction for the proportionate part of the attorney fees, if any. *Henning v. Wineman,* 306 N.W.2d 550, 552 (Minn. 1981); *Rascop v. Nationwide Carriers,* 281 N.W.2d 170, 173 (Minn.1979); *Naig v. Bloomington Sanitation* 258 N.W.2d 891, 894 (Minn.1977); *DeMeulenaere v. Transport Insurance Co.,* 116 Wis.2d 322, 326, 342 N.W.2d 56, 58 (Wis.App.1983); *see Fuller v. Buhrow,* 292 N.W.2d 672 (Iowa 1980); *Bilodeau v. Oliver Stores, Inc.,* 116 N.H. 83, 352 A.2d 741 (N.H.1976).

The result is that Mr. Mata's dismissal is of no effect under either scenario. The only difference between the two scenarios is whether part of the settlement of $50,000 goes to American to apply against its compensation payments.

B. The district court also held that complexity of issues prohibits intervention. Under rule 75 of the rules of civil procedure, the test of the right to intervene is "interest" in the subject matter of the litigation, and interest does exist here. *Price v. King,* 255 Iowa 314, 320, 122 N.W.2d 318, 322 (1963). If necessary, the separate fact issues to which we have adverted in connection with the settlement can be tried separately. Iowa R.Civ.P. 186.

Our holding that Mr. Mata's dismissal was ineffective means that American's lien was proper, timely, and valid as to the portion of the settlement of $50,000 which is subsequently found to be allocable to Mr. Mata and payable to American, if any, as well as to any subsequent recovery by Mata from the Cooperative and the State or either of them.

■ C. The State also resists the intervention on the ground that American did not file a claim under the state tort claims act until January 3, 1985, and the state had not finally disposed of the claim and six months had not elapsed. *See* Iowa Code § 25A.5 (1983). The Matas, however, al-

leged in their petition in April 1983 that they had filed a claim with the State. At the time of the present proceedings in district court more than six months had elapsed since the filing of that claim, so that section 25A.5 was satisfied as to the Matas. In its intervention, American aligned itself with Mr. Mata in the lawsuit, and we therefore find no merit in the State's additional ground of resistance to the intervention.

The district court erred in dismissing and striking the petition of intervention.

II. *Motion to strike Cruz O. Mata's dismissal.* Our holding thus far makes clear that American's motion to strike Mr. Mata's dismissal cannot entirely dispose of that part of the case. While we hold that the dismissal was not effective, that Mr. Mata's action subsists, and that the intervention is proper, a question remains for trial as to whether some portion of the settlement of $50,000 is to be allocated to Mr. Mata's lawsuit and American's reimbursement. The district court should have stricken the dismissal but subject to that reservation.

■ III. *Motion to amend intervention.* In the Matas' petition they alleged several specifications of negligence on the part of the Cooperative and the State. These included violation of a statute relating to elevators, absence of safety devices, failure to warn, and failure to inspect. In its petition of intervention American did not allege specifications of negligence against the Cooperative and the State; it allied itself with Mr. Mata and alleged its interest in the action, its payment of worker's compensation, and its right to reimbursement.

In American's tendered amendment to its petition of intervention, it adopted most of the Matas' petition and then alleged various legal theories upon which it claims it is entitled to reimbursement from the Cooperative and State. Thereafter American alleged that its legal theories are based on the referenced Mata allegations and the "following" acts. In its following allegations of acts it reverted to and enlarged

upon the specifications of negligence charged by the Matas in their petition, having to do with breaches of duties by the Cooperative and State *to Mr. Mata.* Samples of the specifications in the amendment include failure to warn and failure to inspect. What we actually have here is an enlargement, by amended petition of intervention, of the Matas' grounds of negligence against the Cooperative and State.

In connection with American's amendment the parties argue the question of whether American could maintain an action for indemnity against the Cooperative and State apart from the statutory subrogation in section 85.22 of the Code, and they cite *Armour-Dial, Inc. v. Lodge & Shipley Co.,* 334 N.W.2d 142 (Iowa 1983). The question of an employer's separate and independent common-law right of indemnity from a third party is much mooted by the authorities. *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969); 2A A. Larson, *Workman's Compensation* § 77 (1983). *See Bradshaw v. Iowa Methodist Hospital,* 251 Iowa 375, 387, 101 N.W.2d 167, 174 (1960). We need not enter into that controversy at this time. American's amendment presents an amplification, in a proper intervention, of *Mr. Mata's* tort claim against the Cooperative and State.

The question, then, is one of pleading. American entered the lawsuit and allied itself with Mata. By amendment it then sought to enlarge upon Mata's allegations relative to negligence of the Cooperative and State toward Mata. This is proper pleading in the setting of an intervention. *Woodward v. Lawson,* 225 Ga. 261, 262, 167 S.E.2d 660, 661 ("interveners ... could file any pleading in the case that original parties could have filed"), *cert. denied,* 396 U.S. 889, 90 S.Ct. 175, 24 L.Ed.2d 163 (1969); *Strader v. Board of Education,* 351 Ill.App. 438, 457, 115 N.E.2d 539, 548 ("a petitioner to intervene is not confined merely to adoption of the pleadings of one or the other of the parties"), *appeal transferred,* 413 Ill. 610, 110 N.E.2d 191 (1953); *Alsbach v. Bader,* 616 S.W.2d 147, 153

(Mo.App.1981) ("The intervenor is merely precluded from injecting an independent controversy which should be the subject of an original lawsuit into the pending action.... Here, State Farm is not trying to do this. It only wants to insure full litigation of the existing liability dispute."); *Bamforth v. Ihmsen*, 28 Wyo. 282, 306, 204 P. 345, 351–52 ("To make [intervenors'] rights effectual, they must ... necessarily have the same power as the original parties to the cause.... Hence they have power to file pleadings of their own."), *reh. denied* 205 P. 1004 (1922). A contrary rule would permit an employee to omit a most telling allegation from the original petition and leave the compensation insurer helpless to interject it.

We have examined each of the objections to the amendment to the intervention, and find them to be without merit. The district court should have allowed the amendment to be filed.

We return the case to district court for further proceedings.

REVERSED AND REMANDED.