Mary BERTRAND, As Surviving Spouse and Administrator of the Estate of Norbert J. Bertrand, Deceased, Appellant,

v.

SIOUX CITY GRAIN EXCHANGE and St. Paul Companies, Appellees.

No. 86–1400.

Supreme Court of Iowa.

Feb. 17, 1988.

Rehearing Denied March 11, 1988.

Harry H. Smith and MacDonald Smith of Smith & Smith, Sioux City, for appellant.

Frank T. Harrison of Hopkins & Huebner, P.C., Des Moines, for appellees.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

SCHULTZ, Presiding Justice.

This appeal is from an action for judicial review. The issue involves the extent to which workers' compensation benefits may be reduced by recovery in a third-party wrongful death action. The Iowa Industrial Commissioner (commissioner) ruled that an employer and its workers' compensation carrier (employer) are entitled to a credit on benefits owed to a deceased employee's spouse to the full extent of the wrongful death recovery, even though the surviving spouse actually received only a portion of the recovery. The district court affirmed this ruling. We reverse the district court and hold that the employer is entitled to a credit only to the extent the surviving spouse actually received payment from the wrongful death proceeds.

Norbert Bertrand died in an industrial accident on April 30, 1974 while working for the Sioux City Grain Exchange. He was survived by his wife Mary, one minor child and three adult children. As a result of the accident, the employer began paying workers' compensation death benefits to Mary.[1] Shortly thereafter, Norbert's estate recovered $228,106.83 from a third-party tortfeasor. After deduction of litigation expenses and attorney's fees the estate had $147,232.48 for distribution. A "Division of Settlement" was filed with the commissioner, see Iowa Code § 85.22(4), showing that two thirds of this amount were distributed to the surviving children, and one third, or $49,077.49,[2] was distributed to Mary. Out of her share, Mary paid $13,-091.67 to the employer for benefits already received. See Iowa Code § 85.22(1). The employer then received a credit for future payment of benefits in the amount of $35,-985.82, the balance of Mary's share of the wrongful death proceeds.

The employer's credit for future benefits expired on or about May 1, 1986, and benefits to Mary were scheduled to resume. At this time the employer instituted a declaratory judgment action before the commissioner seeking a determination that it was entitled to a further credit against its liability to Mary for the balance of the wrongful death recovery which was distributed to the deceased employee's children. The commissioner ruled that the employer was entitled to this additional credit and the district court affirmed.

The employer's declaratory judgment action sought a determination of its subrogation rights under Iowa Code section 85.-22(1). Because there have been no changes in that statute pertinent to our inquiry, we quote it in its present form:

> When an employee receives an injury ... for which compensation is payable under this chapter ... and which injury ... is caused under circumstances creating a legal liability against some person, other than the employee's employer ... to pay damages, the employee, or the employee's dependent, or the trustee of such dependent, may take proceedings against the employer for compensation, and the employee or, *in case of death, the employee's legal representative may also maintain an action against such third party for damages.* When an injured employee or the employee's legal representative brings an action against such third party ... the following rights and duties shall ensue:

---

**1.** Iowa Code section 85.43 (1973) provides that when there is a surviving spouse the full amount of compensation is to be paid to him or her. When a minor child also survives the deceased employee the commissioner may apportion the benefits. In this case the minor child received no apportionment of benefits.

**2.** Distribution by the estate was based on the law of intestacy in effect at that time. As dece-dent's widow Mary was entitled to one third of the proceeds and the children were entitled to two thirds. See Iowa Code §§ 633.211, .219 (1973). The wrongful death statute applicable to this case, although later amended, provided that wrongful death recovery was to be distributed as personal property of the estate. See Iowa Code § 633.336 (1973).

1. If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, *the employer* ... *shall be indemnified out of the recovery of damages to the extent of the payment so made* ... *and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer* ... *is liable.*

*Id.* (emphasis added). The issue is whether this right to "be indemnified out of the recovery of damages" entitles the employer to withhold benefits from a dependent spouse on account of damages received by the estate and paid to the children.[3] The district court adopted the commissioner's conclusion that this language clearly entitled the employer to a credit for the full amount of the recovery. However, Mary contends that the statute is ambiguous, and that the commissioner's interpretation ignores basic concepts of subrogation and conflicts with the purposes of workers' compensation laws. We believe the language providing that "the employer ... shall be indemnified out of the recovery of damages" is ambiguous because it does not specify the type of damages to which an employer is entitled.

An action for wrongful death involves more than one type of damages. Damages in a wrongful death action include loss to the decedent's estate caused by premature death, Iowa Code § 611.20, and also loss of consortium by the surviving spouse and children, Iowa Code § 613.15. While the literal words of section 85.22(1) might suggest that an employer has subrogation rights against all wrongful death damages recovered by the estate, "the manifest intent of the legislature will prevail over the literal import of the words used." *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983).

In ascertaining legislative intent we seek a reasonable construction that will serve the purpose of the statute and avoid absurd results. *Id.* The purpose behind our work-

ers' compensation scheme is to protect and provide for "dependents who were wholly dependent on the earnings of the employee." Iowa Code § 85.31(1); *see Lauhoff Grain Co. v. McIntosh*, 395 N.W.2d 834, 839 (Iowa 1986); *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 188 (Iowa 1980). Benefits are paid to dependents and terminate upon the loss of dependent status. *See* Iowa Code § 85.31(1). In contrast, wrongful death proceeds are distributed without regard to dependency. *See* Iowa Code § 633.336. An interpretation of section 85.22(1) which would deprive an otherwise qualified dependent of benefits because of recovery which is unavailable to the dependent would conflict with the basic legislative plan. A reasonable interpretation of this section would allow reduction of a dependent's benefits only to the extent the recovered damages are available to the dependent.

We hold that the employer's right to withhold benefits under section 85.22(1) extends only to that portion of the wrongful death proceeds actually paid or legally available to the person entitled to receive the workers' compensation benefits. The employer's liability to a dependent is not reduced by the amount of damages recovered by the estate but paid to someone else. Both the district court and the commissioner erred in ruling that the employer was entitled to a credit against benefits owed to Mary Bertrand for portions of the wrongful death recovery not paid to her.

This conclusion is consistent with our case law. In *Mata v. Clarion Farmers Elevator Co-op.*, 380 N.W.2d 425 (Iowa 1986), we construed subsection (3) of section 85.22. Although that case speaks to a different subsection, we believe the reasoning is consistent with our conclusion here. In *Mata*, an injured employee and his wife and child brought an action for injuries suffered and loss of consortium against a third-party tortfeasor. The tortfeasor subsequently paid $50,000 and the actions were dismissed. *Id.* at 425–26. We held

---

**3.** The record does not show whether the employer filed a contingent claim in the estate proceedings seeking to enforce its lien prior to

distribution of the wrongful death proceeds to the children.

that this settlement did not bind the employer because it had not consented to it as required under section 85.22(3). *Id.* at 428–29. We remanded in part to determine what part of the settlement was allocable to the employee's own claim and indicated that the employer would have no right to the portion of the settlement allocable to the wife and child. *Id.* at 429.

We reached a similar conclusion in *Disbrow v. Deering Implement Co.*, 233 Iowa 380, 9 N.W.2d 378 (1943), where we held that an employer was not entitled to a credit against benefits owed for the full amount of a third-party settlement with a deceased employee's estate. A credit was not proper for two reasons. First, legal liability of the third-party payor had not been established and second, the employer had "failed to establish the receipt of any part of the $2,500 by the" person entitled to receive workers' compensation benefits. *Id.* at 388, 9 N.W.2d at 382.

Other jurisdictions have addressed this issue. The employer urges this court to follow the reasoning of an Illinois case, *Prince v. Atchison, Topeka & Santa Fe Ry. Co.*, 76 Ill.App.3d 898, 907–10, 32 Ill. Dec. 362, 369–70, 395 N.E.2d 592, 599–600 (1979). In *Prince* the court held that an employer's lien attached to the entire wrongful death recovery by a deceased employee's estate, even though the dependent spouse was only entitled to one third of that recovery. The issue in *Prince* was somewhat different from the present case. The issue before us is not whether the employer's lien attaches to the wrongful death recovery while it is still held by the estate. Rather, the issue is whether the employer may withhold benefits to the dependent spouse after the estate has distributed the wrongful death recovery. Instead of distinguishing *Prince* on those grounds, however, we prefer to reject the approach taken in that case. We believe the better rule is that an employer can only reach that portion of a third-party recovery which the workers' compensation dependent is entitled to receive. This rule is well supported by the holdings of other courts. *See Holley v. The Manfred Stansfield*, 186 F.Supp. 805, 808 (E.D.Va.1960); *Brocker Mfg. &*

*Supply Co. v. Mashburn*, 17 Md.App. 327, 340, 301 A.2d 501, 507–08 (1973); *Rascop v. Nationwide Carriers*, 281 N.W.2d 170, 173 (Minn.1979); *Enghusen v. H. Christiansen & Sons, Inc.*, 259 Minn. 442, 446–47, 107 N.W.2d 843, 847 (1961); *Tarr v. Republic Corp.*, 116 N.H. 99, 103–04, 352 A.2d 708, 712 (1976); *Brumfield v. Gallo Wine Sales of New Jersey, Inc.*, 183 N.J.Super. 159, 165–66, 443 A.2d 731, 734 (1982); *Strickland v. Roosevelt County Rural Elec. Coop.*, 103 N.M. 63, 64, 702 P.2d 1008, 1009 (Ct.App.1984); *Anderson v. Greenville Borough*, 442 Pa. 11, 17, 273 A.2d 512, 515 (1971); *Reese v. Workmen's Compensation Appeal Bd.*, 95 Pa.Commw. 325, 327, 505 A.2d 405, 406 (1986); *Oliveras v. Caribou–Four Corners, Inc.*, 598 P.2d 1320, 1325 (Utah 1979); *DeMeulenaere v. Transport Ins. Co.*, 116 Wis.2d 322, 328, 342 N.W.2d 56, 58 (Ct.App.1983). We choose to follow the rule of these jurisdictions.

In conclusion, we reverse the rulings of the district court and the commissioner. The employer in this case is not entitled to a credit for wrongful death damages recovered by the estate but not paid to Mary Bertrand. Because we reach this conclusion we need not address the issue raised concerning whether the employer waived its rights to make a claim against that money.

REVERSED.