In the Matter of the ESTATE OF Dennis Raymond SYLVESTER, Deceased.

Kimberly K. SYLVESTER, Individually and as Next Friend of Cody Raymond Sylvester, Appellee,

v.

CINCINNATI INSURANCE CO., Appellant.

No. 95–1880.

Supreme Court of Iowa.

Feb. 19, 1997.

J. Richard Johnson, Ann M. Cisco, and James H. Carter of White & Johnson, P.C., Cedar Rapids, for appellant.

James P. Craig, Marsha M. Beckelman, and Terrance J. Krapfl of Moyer & Bergman, P.L.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

This is an appeal by a workers' compensation insurance carrier from an order by the district court approving a settlement between the family of a deceased employee and a third-party tortfeasor. The insurer, Cincinnati Insurance Company, contends that the district court lacked jurisdiction to approve the proposed settlement because Iowa Code section 85.22(3) (1993) vests such authority exclusively in the industrial commissioner. We affirm.

Dennis Sylvester, an employee of AR–JAY Building Products, Inc., was killed in a collision with Lester Lauer, who also died as a result of the accident. Several suits followed. Lauer's estate (Lauer) sued Sylvester's estate (Sylvester). Sylvester's wife and son sued Lauer for loss of consortium, and Cincinnati, on behalf of the decedent Sylvester, sued Lauer hoping to recover, as a subrogee, for workers' compensation benefits furnished for Sylvester. *See* Iowa Code § 85.22.

The parties entered into a global settlement in which Sylvester's insurer paid Lauer $800,000 for wrongful death (it is undisputed in the appeal that Sylvester crossed the centerline and struck Lauer), and Lauer's insurer paid $35,000 on the consortium claim.[1] It is this $35,000 settlement that is in dispute here.

The settlement matter was set for hearing, and notice was served on all parties, including Cincinnati. Cincinnati filed a resistance in which it stated:

1. That the Cincinnati Insurance Company has no objection to a claim being settled on behalf of the Estate of Dennis Raymond Sylvester, Kimberly Kay Sylvester and Cody Raymond Sylvester in the above-referenced matter, *however, the Cincinnati Insurance Company does not consent to the distribution of funds pending resolution of the workers' compensation lien/credit issues in this matter.*

2. That the Cincinnati Insurance Company claims a lien as a result of the weekly benefits made to Kimberly Kay Sylvester since the date of death of Dennis Raymond Sylvester on 06–23–92 in excess of the settlement proceeds in this case.

(Emphasis added.)

Although Cincinnati wanted the settlement proceeds to be held in trust pending disposition of its subrogation claim, its original resistance did not challenge the district court's authority to rule on the settlement. It did raise that issue, however, in its supplemental resistance, and it now argues that it is a matter of subject matter jurisdiction. Cincinnati's supplemental resistance stated that Iowa Code section 85.22(3) "requires the approval of the Industrial Commissioner before any third-party settlement *involving a workers' compensation claimant* becomes effective." (Emphasis added.) *See Shirley v. Pothast,* 508 N.W.2d 712, 717 (Iowa 1993); Iowa Code § 85.22(3) (if parties do not agree on distribution of proceeds from third party, when workers' compensation benefits have been paid, distribution issue shall be determined by industrial commissioner).

### I. *Jurisdictional Issue.*

 We disagree with Cincinnati's characterizations of *Shirley* and section 85.22(3). It is not the identity of a *claimant,* but the nature of the *res,* that determines whether the industrial commissioner becomes in-

---

1. Lauer, who was to receive $800,000 from Sylvester, nevertheless agreed to pay $35,000 to Sylvester's dependents on their loss-of-consortium claim based on the fact that Lauer could be found at least one percent at fault in the collision, and the consortium claim would not be subject to reduction for Sylvester's comparative fault.

volved under Iowa Code section 85.22(3). If the settlement proceeds cannot be subjected to indemnity claims of an insurer, and we conclude that they cannot in this case, there is no reason to require submission of the issue to the industrial commissioner. In this connection, Iowa Code section 85.22(1) provides:

> If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or the employer's insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made....

For reasons discussed in the following division, loss-of-consortium damages are not subject to the insurer's indemnity rights. Cincinnati argues, however, that the district court did not even have jurisdiction to determine what part of the settlement would be allocated to loss of consortium and what part to a wrongful death recovery by Sylvester's estate.

Lauer, however, offered nothing for the wrongful death claim by Sylvester in the settlement, and no reasonable fact finder could conclude that the $35,000 included anything for Sylvester's wrongful death claim. Here, Sylvester's estate paid $800,000 in damages to Lauer for Sylvester's negligence. The consortium claimants assert, and Cincinnati does not dispute, that Sylvester struck Lauer entirely on Lauer's side of the highway. Under these facts, there is no chance that Sylvester's estate would be allocated any of the $35,000; he was clearly over fifty percent at fault.

We have held that the district court has original jurisdiction over all three aspects of such a claim: the common-law tort claim, the consortium claim, and the indemnity claim. *Shirley*, 508 N.W.2d at 716. In accordance with this rule, the district court thus made a threshold finding that these settlement proceeds were solely for the loss of consortium and thereby abrogated the need for referral to the industrial commissioner. It would be an exercise in futility and an unwarranted delay for these consortium claimants if we were to require that the industrial commissioner make an allocation that, as a matter of law, could not include any damages that would be subject to Cincinnati's subrogation claim.

This case is unique because the worker's own claim lacks any chance of success. It must therefore be distinguished from both *Shirley* and *Mata v. Clarion Farmers Elevator Cooperative*, 380 N.W.2d 425 (Iowa 1986), cases on which Cincinnati relies. In *Shirley* the employee who received workers' compensation benefits had been injured by a third-party driver who ran a stop sign. 508 N.W.2d at 713. The parties attempted to structure the settlement to award the worker a relatively small amount of the payment by the third party and a large amount to his family's consortium claim. We agreed with the insurance company that "[t]here seem[ed] to be a clear effort to simply avoid the workers' compensation lien to the detriment of the Employer and Insurance Carrier and in contravention of Iowa Code § 85.22." *Shirley*, 508 N.W.2d at 713. We concluded that such an arrangement, without the consent of the insurer or the approval of the industrial commissioner, was not valid under Iowa Code section 85.22(3). *Shirley*, 508 N.W.2d at 717.

In *Mata* a worker who was injured while repairing a grain elevator sued third parties. The parties attempted to arrange a method of settlement by which the claims attributed to the third-party recovery would be reduced in favor of increased damages under the loss-of-consortium claim. We held that this would not be permitted; the settlement could not impair the insurer's right of indemnity "by the third party's simply paying the family members for loss of consortium and having the employee himself dismiss his third-party claim...." *Mata*, 380 N.W.2d at 429.

We conclude that the fund in question was purely for loss of consortium, to which Cincinnati's indemnity claim does not attach. The district court therefore had jurisdiction to approve the settlement. *Shirley*, 508 N.W.2d at 716.

## II. *Indemnification from Loss-of-Consortium Proceeds.*

Cincinnati apparently concedes on appeal that, if it loses on its jurisdiction argument,

the case must be affirmed because it cannot assert a workers' compensation lien against a loss-of-consortium recovery. Both *Shirley*, 508 N.W.2d at 713, and *Mata*, 380 N.W.2d at 429, assume that this is the law, but we have not discussed the issue at length in our previous cases.

A loss-of-consortium claim asserts a child's or spouse's own cause of action for physical, psychological, and emotional pain and anguish. *Huber v. Hovey*, 501 N.W.2d 53, 57 (Iowa 1993). Parental consortium concerns the relationship between parent and child and the right of the child to the intangible benefits of companionship, comfort, guidance, affection, and aid of the parent in every parental relationship. *Kulish v. West Side Unlimited Corp.*, 545 N.W.2d 860, 862 (Iowa 1996); *Gail v. Clark*, 410 N.W.2d 662, 668 (Iowa 1987).

"It is well established that consortium is the separate property right of each spouse; it is an independent, nonderivative claim." *Huber*, 501 N.W.2d at 57; *Schwennen v. Abell*, 430 N.W.2d 98, 101 (Iowa 1988). "The deprived spouse, not the injured person, has the right to sue for and recover for the pre-death loss of consortium." *Madison v. Colby*, 348 N.W.2d 202, 209 (Iowa 1984). To insure against double recovery, it is desirable that the consortium actions be joined with the underlying wrongful-death action. *Id.*

On the other hand, the insurer's right of indemnity under section 85.22(1) is against the worker's recovery. *Sourbier v. State*, 498 N.W.2d 720, 721 (Iowa 1993); *Fisher v. Keller Indus., Inc.*, 485 N.W.2d 626, 627 (Iowa 1992). In *Mata* we found that a workers' compensation lien is valid as to the portion of the settlement found allocable to the injured employee. *Mata*, 380 N.W.2d at 429; *see Bertrand v. Sioux City Grain Exch.*, 419 N.W.2d 402, 405 (Iowa 1988) (In *Mata* "[w]e remanded in part to determine what part of the settlement was allocable to the employee's own claim and indicated that the employer would have no right to the portion of the settlement allocable to the wife and child.").

Other jurisdictions have not allowed insurers to be indemnified from a loss-of-consor-

tium claim. *See Schrock v. Shoemaker*, 159 Ill.2d 533, 203 Ill.Dec. 787, 790, 640 N.E.2d 937, 940 (1994) (not allowing a workers' compensation lien to attach to proceeds of a loss-of-consortium claim because the consortium claim "is an independent action brought in the surviving spouse's name to recover for injuries she suffered in her own right as a result of the death of the decedent"); *McGranahan v. McGough*, 249 Kan. 328, 820 P.2d 403, 411 (1991) ("Because the employer has paid nothing to the injured worker for loss of services [consortium], any recovery as a result of a loss of services action against a negligent third party is not subject to subrogation.").

Denying indemnification from the proceeds of a loss-of-consortium claim will not subvert the intention of section 85.22, which is to prevent double recovery. There can be no double recovery because Iowa's workers' compensation scheme does not allow for the loss of consortium, and Cincinnati paid no benefits attributable to it.

**AFFIRMED.**