**IN THE COURT OF APPEALS OF IOWA**

No. 23-1796
Filed July 23, 2025


**MIDWEST BUILDERS' CASUALTY MUTUAL COMPANY and IOWA TRENCHLESS, L.C.,**
        Plaintiffs-Appellants,

**vs.**

**RP CONSTRUCTORS, LLC,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Sioux County, Roger L. Sailer, Judge.


        A workers' compensation insurer and its insured employer appeal a summary judgment ruling dismissing their suit for failing to satisfy the statutory prerequisites to obtain a right to subrogation. **AFFIRMED.**


        Gregory T. Cook and Eric C. Harmon of McAnany, Van Cleave & Phillips, St. Louis, Missouri, for appellants.

        Matthew D. Hammes and Maggie E. Frei of Locher Pavelka Dostal Braddy & Hammes, LLC, Council Bluffs, for appellee.


        Considered without oral argument by Badding, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

When an employee is injured on the job but the injury is caused by a third party, the employee may pursue both workers' compensation benefits from the employer or its insurer and a tort claim against the third party. And if the employee obtains benefits but forgoes a third-party claim, the employer or insurer may obtain a right to subrogation and sue the third party directly. This scheme allows the employer or insurer to recoup the benefits it paid as a result of a third-party's wrongdoing. But obtaining subrogation rights is not automatic—the employer or insurer must first comply with the requirements of the governing statute, Iowa Code section 85.22(2) (2022). At issue here is precisely what those requirements are.

After an employee was injured while working on a highway, the employer's workers' compensation insurance carrier—Midwest Builders' Casualty Mutual Company—paid the employee benefits. Because the employee's injury was caused by the employees of another company—RP Constructors, LLC—the employee had a right to sue the company. But he never did. So Midwest Builders sent the employee a letter notifying him that it and the employer intended to sue the company. And forty-one days later, they filed suit. Yet under nearly a century of supreme court precedent, workers' compensation subrogation rights do not attach unless an employee fails to bring suit within ninety days after being given written notice that the employee must do so by the employer or insurer. That did not happen here. So the district court granted summary judgment to RP Constructors. Because the district court correctly applied supreme court precedent, Midwest Builders has failed to distinguish those controlling cases, and we are not at liberty to overrule them, we affirm summary judgment.

I.

In July 2020, an Iowa Trenchless employee was working on a highway project in Sioux City with employees from another company, RP Constructors. The Iowa Trenchless employee was injured after two RP Constructors employees mistakenly told him a hose's pressure was off, causing the hose to knock the employee backward onto an H-Beam. Iowa Trenchless's insurer—Midwest Builders—paid the employee workers' compensation benefits for the injury.

About two years later, Midwest Builders sent the employee a letter stating it and Iowa Trenchless "intend[ed] to file suit against RP Constructors in connection with" the highway-project injury, as the employee had "not done so within 90 days of the accident." And forty-one days after sending the letter, Midwest Builders[1] sued RP Constructors for negligence, asserting its subrogation rights to seek recovery for the employee's injuries.

RP Constructors moved for summary judgment, arguing Midwest Builders failed to obtain subrogation rights under Iowa Code section 85.22(2) because its letter neither adequately informed the employee of his right to bring a third-party suit nor gave the employee ninety days to do so. Midwest Builders resisted, arguing the statute requires only thirty days' notice, or, in the alternative, no written notice was required at all. The district court granted summary judgment for RP Constructors, reasoning that supreme court precedent required ninety days' notice to the employee before an insurer may assert subrogation rights.

---

[1] Iowa Trenchless also sued—as the parties warned in their letter. But since both plaintiffs' interests are aligned, we refer to both as Midwest Builders for readability.

Midwest Builders now appeals, and we review for legal error. *See Rilea v. State*, 959 N.W.2d 392, 393 (Iowa 2021).

II.

If an employee is injured on the job but someone other than the employer is liable for causing the injury, the employee may pursue both workers' compensation and a tort claim against the liable third party. Iowa Code § 85.22. And if an employee successfully pursues both, the entity that paid the compensation—either the employer or its insurer—is entitled to indemnity "out of the recovery of damages to the extent of the payment" and "a lien on the claim for such recovery." *Id.* § 85.22(1). This scheme prevents double recovery by the employee and allows employers or insurers to recoup compensation paid "from a tortious third party whose conduct ha[d] produced the injury which necessitated such payments." *Johnson v. Harlan Cmty. Sch. Dist.*, 427 N.W.2d 460, 462 (Iowa 1988). And to protect that reimbursement interest, settlements between the employee and third party are generally subject to approval by the employer or insurer. *See* Iowa Code § 85.22(3).

But if the employee does not pursue a third-party suit, then the employer or insurer may obtain a right to subrogation. "Subrogation is a doctrine that originated in equity to give relief to a person or entity that pays a legal obligation that should have, in good conscience, been satisfied by another." *Allied Mut. Ins. v. Heiken*, 675 N.W.2d 820, 824 (Iowa 2004). Workers' compensation subrogation is "a creature of statute" and was first codified in 1913. *Armour-Dial, Inc. v. Lodge & Shipley Co.*, 334 N.W.2d 142, 146 (Iowa 1983); Iowa Code § 2477-m6 (Supp. 1913). In its earliest form, the statute merely declared that when an injured

employee recovers against a third party, employers or insurers who paid workers' compensation "shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employe[e] to recover therefor." Iowa Code § 2477-m6(b). Eleven years later, the legislature enacted procedural requirements for obtaining subrogation rights. *See id.* § 1382(2) (1924). And since then, the right-to-subrogation provision has remained largely unchanged. *See id.* § 85.22(2) (2022). The statute provides:

> In case the employee fails to bring such action within ninety days, or where a city or a city under special charter is such third party, within thirty days after written notice so to do given by the employer or the employer's insurer, as the case may be, then the employer or the insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might.

*Id.*

At issue here is the statute's written-notice requirement. Midwest Builders makes two alternative arguments: (1) that it obtained subrogation rights thirty days after providing written notice to the employee or (2) that it was not required to provide notice at all because the statute only requires notice to sue *city* third parties. RP Constructors counters that an insurer must provide ninety days' notice to the employee. Both parties can find some support for their interpretations in the eighty-six words and five commas that make up this one sentence. But in resolving their dispute, we are not writing on a blank slate.

In 1932, our supreme court interpreted this provision to require that, as a prerequisite to obtaining subrogation rights, insurers must first make a written "demand" that the employee bring suit for damages. *S. Sur. Co. of N.Y. v. Chicago, R.I. & P. Ry. Co.*, 245 N.W. 864, 867 (Iowa 1932). If the employee "fail[s] to bring

an action within ninety days after written notice by the employer or insurer to do so," then subrogation rights attach. *Id.* Fifty years later, the supreme court reaffirmed that interpretation, holding that obtaining subrogation rights under section 85.22 requires "(1) a proper demand upon the employee to initiate the action, and (2) a refusal or failure to take action within ninety days." *Armour-Dial*, 334 N.W.2d at 146. More recently, we have followed this precedent in two unpublished opinions. *See Rollins Corp. v. Guessford*, No. 06-1644, 2007 WL 2711024, at *2 (Iowa Ct. App. Sept. 19, 2007) (holding that an employer did not obtain subrogation rights because it did not make "ninety-day demand for the employee to commence suit" at all); *Tyson Foods, Inc. v. DeGonzalez*, No. 09-1338, 2010 WL 1579662, at *2–3 (Iowa Ct. App. Apr. 21, 2010) (holding that an employer did not obtain subrogation rights—even when it emailed the employee's attorneys that it intended to sue ninety days before doing so—because the employer did not give "'written notice' to the employee 'to bring an action'" (quoting Iowa Code § 85.22(2))).

Midwest Builders acknowledges these authorities but points us to another supreme court case, which summarized the statute differently. *See Mata v. Clarion Farmers Elevator Coop.*, 380 N.W.2d 425, 428 (Iowa 1986). In *Mata*, the court considered whether an employee could dismiss his third-party suit with prejudice absent prior consent of the insurer. *Id.* at 427–29. The court held dismissal was the functional equivalent of settlement, and thus the with-prejudice dismissal was invalid absent the insurer's consent. *Id.* at 428–29.

At the start of its analysis, the *Mata* court set the stage by block-quoting much of section 85.22, but it replaced the right-to-subrogation provision with a

paraphrase in brackets: "If employee does not sue third party within ninety days, employer/insurer may serve thirty-day notice on employee to bring action against third party, failing which employer/insurer is subrogated to employee's rights." *Id.* at 428. Relying on this paraphrasing, Midwest Builders argues that the prior ninety-day-notice interpretation has been superseded, or at least called into question, in favor of a thirty-day interpretation.

But we see two problems with Midwest Builders' approach. First, *Mata* never independently interpreted the subrogation language, and the case turned on the separate right-to-consent provision. Because *Mata* never acknowledged *Southern Surety* or *Armour-Dial*, its paraphrasing—which was dicta not essential to its holding—should not be stretched so far as to silently overrule those prior cases. *Cf. Vagts v. N. Nat. Gas Co.*, 8 N.W.3d 501, 515 (Iowa 2024) (cautioning that a stray errant sentence within a case cannot "overrule *sub silentio* more than a century's worth of precedents").

Second, and more significantly, we struggle to replicate *Mata*'s path to a thirty-day notice window for suing private third parties. Employing its paraphrased version of the statute, the city clause performs no work—it effectively writes out "or where a city under special charter is such third party" by never specifying what condition applies to that subset class of third parties. When presented with competing interpretations of the statute and one renders language inoperative, we will employ the interpretation that best implements the entire provision. *See In re Chapman*, 890 N.W.2d 853, 857 (Iowa 2017).

As an alternative argument, Midwest Builders contends that *Southern Surety* and *Armour-Dial* misread the right-to-subrogation provision and it only

requires written notice to sue *city* third parties.  As Midwest Builders reads the statute, because there is no comma after "thirty days," the written-notice requirement should apply only when a city is the tortious third party under the last-preceding-antecedent canon of construction.  *See Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222, 231 (Iowa 2019).  And under this reading, an insurer or employer would obtain subrogation rights anytime an "employee fails to bring such action within ninety days" of injury.  Iowa Code § 85.22(2).

But such a reading departs from nearly a century of precedent instructing that workers' compensation subrogation rights do not attach until the employer first demands in writing that the employee initiate any third-party suit—not just those against cities.  *See Armour-Dial*, 334 N.W.2d at 146 ("Without the employer's ninety day demand for the employee to commence suit there is no subrogation of the rights of the employee to maintain an action."); *Am. Mut. Liab. Ins. v. State Auto. Ins.*, 72 N.W.2d 88, 90 (Iowa 1955) ("In case the employee fails to bring such action within ninety days, . . . after written notice so to do given by the employer or his insurer, . . . then the employer or his insurer shall be subrogated." (alterations in original)); *Iowa Nat. Mut. Ins. v. Chicago, Burlington & Quincy R.R. Co.*, 68 N.W.2d 920, 924 (Iowa 1955) (same); *Disbrow v. Deering Implement Co.*, 9 N.W.2d 378, 381 (Iowa 1943) (same); *S. Sur. Co. of N.Y.*, 245 N.W. at 867 ("[I]t cannot be successfully claimed that the employee failed to bring an action within ninety days after written notice by the employer or insurer to do so."); *see also Liberty Mut. Ins. v. Winter*, 385 N.W.2d 529, 532 (Iowa 1986) ("[T]he right of subrogation against third parties is dependent upon compliance with the separate

notice requirement of subsection 85.22(2) through which the employer or insurer must first make demand upon the employee to initiate the action.").

Because we are not at liberty to modify that precedent, we cannot entertain Midwest Builders' alternative argument. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). So the district court correctly held that Midwest Builders needed to provide the employee ninety days' notice to obtain subrogation rights. And because Midwest Builders failed to comply with that requirement, the district court correctly granted summary judgment for RP Constructors.[2]

**AFFIRMED.**

---

[2] Because we agree that Midwest Builders' failure to provide ninety days' notice precluded their right to subrogation regardless of the letter's contents, we do not reach RP Construction's other argument for summary judgment that the letter failed to substantially comply with section 85.22(2).