**Marvin A. YOUNGS, Plaintiff,**

v.

**CLINTON FOODS, INC., a Delaware Corporation, and Interstate Power Company, a Delaware Corporation, Defendants.**

**Civ. No. 1–265.**

United States District Court
S. D. Iowa,
Davenport Division.

Oct. 14, 1960.

Wayne G. Cook and Craig M. Cook, of Cook, Blair, Balluff & Nagle, Davenport, Iowa, for applicant.

Carl H. Lambach and Margaret E. Stevenson, of Lambach, Shorey & Plath, Davenport, Iowa, for plaintiff.

STEPHENSON, District Judge.

Judgment was entered upon jury verdict for plaintiff in the amount of $80,000 against defendant, Clinton Foods, Inc., on account of injuries sustained by plaintiff while working on defendant's premises as an employee of Pittsburgh Piping and Equipment Company which company pursuant to judgment previously entered was ordered to indemnify the defendant, Clinton Foods, Inc., against the demand of plaintiff for satisfaction of his judgment.[1]

The applicant herein, Standard Accident Insurance Company, an insurer of Pittsburgh Piping and Equipment Com-

1. Judgment affirmed 8 Cir., 266 F.2d 116, certiorari denied 361 U.S. 828, 80 S.Ct. 77, 4 L.Ed.2d 71.

pany, the former employer of plaintiff, Marvin A. Youngs, has tendered into court the sum of $79,049.13, which is the gross amount due plaintiff under his judgment (including principal, interest and costs) less payments made by applicant for which its insured, plaintiff's employer (Pittsburgh Piping and Equipment Company) was liable under the Iowa Workmen's Compensation Act. These payments consisted of weekly compensation and medical expenses for which applicant's insured was liable under said Act. Applicant filed notice of lien for these amounts in this action as required by said statute. Applicant prays that with this tender the judgment be marked satisfied.

Plaintiff concedes applicant is entitled to offset the amounts paid to plaintiff as weekly compensation, but contends applicant is not entitled to offset payments paid to third persons on account of medical, hospital and nursing expenses furnished plaintiff. Plaintiff also concedes that if applicant is entitled to offset for these payments, applicant is entitled to interest thereon and that the amount tendered by applicant is mathematically correct.

The sole issue before the Court is: Does the Iowa Workmen's Compensation Act permit reimbursement of the employer or his insurer for medical expenses paid in behalf of the employee?

The applicable Sections are as follows:

Code of Iowa 1954 (Amendments) I.C.A.:

"85.22. *Liability of others—subrogation*

"When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee, or his dependent, or the trustee of such dependent, may take proceedings against his employer for compensation, and the employee or, in case of death, his legal representative may also maintain an action against such third party for damages. When an injured employee or his legal representative brings an action against such third party, a copy of the original notice shall be served upon the employer by the plaintiff, not less than ten days before the trial of the case, but a failure to give such notice shall not prejudice the rights of the employer, and the following rights and duties shall ensue:

"1. If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest, *(except for such attorney fees as may be allowed, by the district court, to the injured employee's or his personal representative's attorney), and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which he is liable. In order to continue and preserve the lien, the employer or insurer shall, within thirty days after receiving notice of such suit from the employee, file in the office of the clerk of the court where the action is brought, notice of the lien.

"2. In case the employee fails to bring such action within ninety days, or where a city or town or city under special charter is such third party, within thirty days after written notice so to do given by the employer or his insurer, as the case may be, then the employer or his insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might. In case of recovery, the court shall enter judgment for distribution of the proceeds thereof as follows:

"a. A sum sufficient to repay the employer for the amount of compensation actually paid by him to that time.

"b. A sum sufficient to pay the employer the present worth computed on a six percent basis of the future payments of compensation for which he is liable, but such sum thus found shall not be considered as a final adjudication of the future payments which the employee shall receive and the amount received by the employer, if any, in excess of that required to pay the compensation shall be paid to the employee.

"c. The balance, if any, shall be paid over to the employee.

"3. * * *

"4. * * *

"5. For subrogation purposes hereunder, any payment made unto an injured employee, his guardian, parent, next friend, or legal representative, by or on behalf of any third party, his or its principal or agent liable for, connected with, or involved in causing an injury to such employee shall be considered as having been so paid as damages resulting from and because said injury was caused under circumstances creating a legal liability against said third party, whether such payment be made under a covenant not to sue, compromise settlement, denial of liability or otherwise. * (When the state of Iowa has paid any compensation or benefits under the provisions of this chapter, the word "employer" as used in this section shall mean and include the state of Iowa.)"

* (The portions in parentheses were added by the 58th General Assembly, effective July 4, 1959 and are not applicable herein, since the rights of the parties accrued in 1955).

"*Sec. 85.27. Professional and hospital services—prosthetic devices.* The employer, with notice or knowledge of injury, shall furnish reasonable surgical, medical, osteopathic, chiropractic, chiropodial, nursing and hospital services and supplies therefor. * * *

"*Section 85.30. Maturity date and interest.* Compensation payments shall be made each week beginning on the fifteenth day after the injury, and each week thereafter during the period for which compensation is payable, and if not paid when due, there shall be added to such weekly compensation payments, interest at six percent from date of maturity.

"*Section 85.37.[2] Compensation schedule.* In all cases where an employee receives a personal injury for which compensation other than for medical, surgical, and hospital services and burial expenses, is payable, such compensation shall be upon the basis of sixty-six and two-thirds percent per week of the average weekly earnings. * * *"

Plaintiff contends that Section 85.22 limits recovery by the employer (or his insurer) to compensation paid the employee in the form of weekly payments and does not include recovery for medical benefits furnished employee. He argues that the language in Section 85.22, subd. 1 "If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified * * *" since it refers to "compensation paid the employee * * *" does not include other benefits furnished employee under Section 85.27 in the form of medical services. It is not disputed here that the sums sought to be recovered were not paid the employee or any dependent or the trustee of any dependent. Applicant on the other hand contends that, although Section 85.22

---

2. Changed effective July 4, 1959, when new schedule of compensation passed by the 58 G.A.

does speak of recovering for "compensation" and Section 85.27 does not use the term "compensation" in providing for medical services furnished, the language used in various Sections of the Act make it clear the legislature intended that there be reimbursement for medical services advanced. Both parties agree this question has not been directly before the Supreme Court of Iowa.

The question is primarily one of Statutory construction. In Oliphant v. Hawkinson, 1922, 192 Iowa 1259, 1263, 183 N.W. 805, 307, 33 A.L.R. 1433, the Iowa Supreme Court in interpreting the Iowa Workmen's Compensation Act approved certain principles of construction pronounced by the Supreme Court of Illinois in a case cited therein as follows:

"The intention of the lawmakers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not also within the intention. When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with such intention. (Hoyne v. Danisch, 264 Ill. 467 [106 N.E. 341].) When great inconvenience or absurd consequences will result from a particular construction that construction should be avoided, unless the meaning of the legislature be so plain and manifest that avoidance is impossible. (People v. Wren, 4 Scam. 269.) The courts are bound to presume that absurd consequences leading to great injustice were not contemplated by the Legislature, and a construction should be adopted that it may be reasonable to presume

was contemplated. (2 Lewis' Sutherland on Stat.Const. § 489; People v. City of Chicago, 152 Ill. 546 [38 N.E. 744]; Canal Com'rs v. Sanitary District, 184 Ill. 597 [56 N.E. 953].) A statute is passed as a whole, and not in parts or sections; hence each part or section should be construed in connection with every other part or section. In order to get the real intention of the Legislature, attention must not be confined to the one section to be construed. (Warner v. King, 267 Ill. 82 [107 N.E. 837], and cited cases.)

"We approve of this pronouncement. With this thought in mind let us examine the statute in question. It is a comprehensive scheme enacted for the benefit of both the employer and employé engaged in industrial employment."

Upon examining other sections of the Act it appears abundantly clear that the word "compensation" has not been used in the limited sense urged by plaintiff. For instance,

Section 85.37.[3] Compensation schedule.

"In all cases where an employee receives a personal injury *other than* for medical, surgical, and hospital services * * *."

Section 85.29. Liability in case of no dependents.

"When the injury causes death of an employee who leaves no dependents, then the employer shall pay the reasonable expense of the employee's sickness, if any, and the expense of burial, as provided in sections 85.27 and 85.28, and this shall be *the only compensation*; * * *" (Emphasis supplied.)

It is also interesting to note that in the amendments to the Section in question 85.22, subd. 1, supra, "(except for such attorney fees * * *)" there would be no need to exclude attorney fees if the word compensation was already

---

3. Id., at note 2.

limited to weekly compensation paid the employee.

To give to the word "compensation" the restricted meaning of weekly benefits only, as urged by the plaintiff, would be to ignore the broader use of the word in other sections of the statute. It would also violate the obvious purpose of the statute to permit the employer or his insurer to be reimbursed for sums advanced if a third party is responsible for the injuries sustained by the employee.

In this case plaintiff recovered a verdict of $80,000, which included an allowance for medical expenses. At the trial medical expenses aggregating $3,993.42 were stipulated and covered in the court's instructions to the jury as follows:

> "you may consider any moneys which the plaintiff has necessarily expended in being treated for such injuries. The Court's notes reflect the fact that it has been established that $3,993.42 was expended by the plaintiff for this purpose."

This is substantially the amount paid by applicant herein in behalf of plaintiff, and which plaintiff now contends should not be paid applicant by reimbursement from plaintiff's verdict. The Iowa Supreme Court has made it clear that it is not the purpose of the Workmen's Compensation Act to permit double compensation for the loss sustained.

In Southern Surety Co. v. Chicago, St. P., M. & O. Ry. Co., 1919, 187 Iowa 357, 362, 174 N.W. 329, plaintiff alleged that it had "paid to Whitney the sum of $572.33 in compensation for loss of time and the *necessary medical expenses incurred by him under the provisions of the Workmen's Compensation Act.*" Defendant demurred pleading the statute of limitations and the fact that it had already paid Whitney. The demurrer was sustained and the Supreme Court affirmed, holding that there can be but one action to recover for a wrong and that the plaintiff had failed to avail itself of its right to recover from the proceeds of the action which Whitney had brought. In its decision the Court said:

> "At the time this action was commenced, this defendant owed Whitney nothing. It had made full reparation for the wrong that it had done. There were no rights left Whitney against this company, to which this plaintiff, or the employer, could be subrogated. There was one action to recover for the wrong. There cannot be another. The wrong was indivisible, and the right to bring the action was vested in Whitney, and the right of plaintiff rested in subrogation to that. Whitney is not entitled to receive double compensation. Had the employer discharged his obligation to Whitney under the act, and it had been made to appear that this defendant was the negligent cause of the injury, then the employer, or the person who made the payment required by the act, would be subrogated to all Whitney's rights against the wrongdoer. It might have proceeded against the wrongdoer and recovered the full amount, which, at common law, was recoverable against the wrongdoer, just the same as Whitney could have done and did. Out of this it could reimburse itself for the amount advanced. The sum thus received at common law, over and above the amount necessary to reimburse itself, would belong to Whitney, the injured party. * * *"

In Tucker v. Nason, 1958, 249 Iowa 496, 87 N.W.2d 547, the plaintiff had been injured while on the premises of a third party against whom he had recovered an $18,000 judgment. Newark Insurance Company, Workmen's Compensation carrier for plaintiff's employer, paid plaintiff $5,138.94 for hospital and medical expense, loss of time, and settlement for 20% permanent disability, and subsequently filed notice of lien in plaintiff's case against third party. Plaintiff filed resistance to application for distribution of proceeds of the judgment in the amount claimed by the carrier on the grounds that carrier should pay a proper proportion of plaintiff's attorney fees.

20

The trial court decided that under the Workmen's Compensation Act there was no basis for deduction of attorney fees and the carrier was entitled to full amount paid plaintiff. The Supreme Court affirmed the trial court and quoted a portion of the opinion hereinbefore set out in Southern Surety Co. v. Chicago, St. P., M. & O. Ry. Co., supra. See also, Iowa National Mutual Ins. Co. v. Chicago, Burlington & Quincy R. Co., 1955, 246 Iowa 971, 978, 68 N.W.2d 920.

It is the holding of the Court that applicant is entitled to be reimbursed for payments made to third persons on account of medical, hospital and nursing expenses furnished plaintiff under the Workmen's Compensation Act out of plaintiff's recovery of damages, together with interest thereon.

It is ordered that the Clerk shall mark the judgment satisfied herein.