Diana L. JOHNSON, Paul V. Johnson, Jr., and Diana L. Johnson, As Next Friend of Edward Newman, Lynda Newman, Jeff Johnson, and Michael Johnson, Appellants,

v.

HARLAN COMMUNITY SCHOOL DISTRICT, Defendant,

West Des Moines School District and Employers Mutual Insurance Companies, Intervenors–Appellees.

No. 87–341.

Supreme Court of Iowa.

Aug. 17, 1988.

Jim Lawyer of Lawyer, Lawyer, Dutton & Drake, West Des Moines, and James Van Dyke of Van Dyke & Werden, Carroll, for appellants.

Larry D. Spaulding and Sheila K. Tipton of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for intervenors-appellees.

CARTER, Justice.

Intervenors, West Des Moines School District and Employers Mutual Insurance Companies, seek further review of a court of appeals decision reversing an order of the district court confirming intervenors' right of subrogation under Iowa Code section 85.22(1) (1983) for medical and hospital services furnished under the workers' compensation laws. The sole issue presented is whether the subrogation rights of the employer and insurance carrier under section 85.22(1) for "compensation ... paid the employee" include the cost of medical and hospital services furnished by the employer.

The district court answered this question in the affirmative. The court of appeals reversed, holding the statute only confers subrogation rights on the employer and insurance carrier for the payment of weekly disability or healing period benefits. Be-cause we agree with the district court's interpretation and disagree with that of the court of appeals, we vacate the decision of the court of appeals and affirm the judgment of the district court.

Plaintiff, Diana L. Johnson, was an employee of the West Des Moines School District (intervenor). On January 7, 1984, while working for intervenor, she was injured in a fall on the premises of the Harlan Community School District. She later brought an action against the Harlan Community School District, alleging its negligence had caused her injuries. Following a jury trial, she recovered a judgment of $80,250 in that action.

Prior to the conclusion of the litigation, plaintiff had received workers' compensation benefits as a result of her injuries. These were paid to her by Employers Mutual Insurance Companies (intervenor) and included $19,780.85 for weekly healing period and disability benefits and $55,427.50 for medical and hospital benefits which her employer was required to furnish under Iowa Code section 85.27.

The intervenors filed a notice of lien in plaintiff's tort action for both the weekly benefit payments and the cost of medical and hospital services which had been furnished. They claim a right to indemnity from plaintiff's recovery for the total of these sums. Plaintiff has agreed that intervenors should be reimbursed to the extent of the weekly healing period and disability benefits which she received, but she disputes their right to be subrogated to any portion of her recovery for the sums intervenors paid as medical and hospital expenses.

By stipulation of the parties, all funds paid in satisfaction of plaintiff's judgment were released to plaintiff and her attorneys except the sum of $35,381. The latter sum represents the amount of the subrogation rights claimed by intervenors for medical and hospital expenses reduced by an allocation of plaintiff's attorney fees. The district court ordered these remaining funds to be held by the clerk in an interest-bear-

ing account pending resolution of intervenors' lien claims.

Hearing was held on this legal issue on February 16, 1987. After hearing the arguments of the parties, the district court interpreted Iowa Code section 85.22(1) as conferring subrogation rights upon an injured worker's employer and insurance carrier for medical and hospital expenses furnished pursuant to Iowa Code section 85.27. It ordered the retainage of $35,381 plus interest to be distributed to intervenors. Plaintiff appealed this order, and the court of appeals reversed. We granted further review of the court of appeals decision and now consider the arguments of the parties concerning this narrow issue of statutory interpretation.

In urging that the term "compensation" used in section 85.22 does not include the cost of medical services, the plaintiff argues that Iowa Code section 85.22(1) refers to compensation "paid the employee." She points out that the employer's obligation under the Iowa workers' compensation laws is to furnish the required medical and hospital expenses and pay the suppliers thereof directly. *See Krohn v. State,* 420 N.W.2d 463 (Iowa 1988). Thus, plaintiff argues, the court of appeals was correct in limiting subrogation rights under section 85.22 to the amount of weekly compensation benefits because those are the only sums "paid the employee." Plaintiff also notes that in several instances Iowa Code chapter 85 uses the word "compensation" to refer only to weekly healing period or disability benefits, and not to medical expenses. As examples, plaintiff points to Iowa Code sections 85.36, 85.37, and 85.45. In response, intervenors urge the term "compensation" is not used uniformly throughout chapter 85. They suggest that there are other instances where the use of that term appears to embrace both weekly benefits and medical expenses. They suggest this is true with respect to sections 85.3(1), 85.23, and 85.29, as well as section 85.22(1).

Although we have previously considered the meaning of the word "benefits," as used in chapter 85, *see Beier Glass Co. v.*

*Brundige,* 329 N.W.2d 280, 285 (Iowa 1983), we have not previously considered the meaning of the word "compensation" as employed in section 85.22(1). That question has been considered, however, by a federal court applying Iowa law in the case of *Youngs v. Clinton Foods, Inc.,* 188 F. Supp. 15, 16 (S.D. Iowa 1960). In the *Youngs* case, the federal court adopted an interpretation consistent with that applied by the district court in the present case and contrary to that utilized by the court of appeals.

Our review of the applicable statutes suggests that intervenors are correct in urging that the word "compensation" has not been used consistently throughout chapter 85. In seeking the meaning of legislative phraseology that is less than clear in its application to a particular context, we must consider not only the language employed but also the object sought to be accomplished by the legislation. *City of Sioux City v. Greater Sioux City Press Club,* 421 N.W.2d 895, 898 (Iowa 1988); *Shell Oil Co. v. Bair,* 417 N.W.2d 425, 428 (Iowa 1987).

It appears the purpose of the subrogation provisions of section 85.22(1) is to permit the employer to recoup monies it has been required to pay under the provisions of chapter 85 from a tortious third party whose conduct has produced the injury which necessitated such payments. In achieving this purpose, we see no reason why the legislature would distinguish between amounts which employers or insurers are required to pay injured employees as weekly benefits and amounts paid for the medical and hospital care which the employer is required to furnish under the workers' compensation laws. The financial burdens on the employer in either situation are equally the product of the third party's tortious acts. The arguments which have been presented reveal no distinction in the economic impact on the employer as between the two categories of benefit payments. Nor has any other reason been advanced which suggests a rational basis for treating the two categories of benefit payments differently for purposes of the employer's right of subrogation.

We conclude the district court was correct in confirming the intervenors' right of subrogation for the cost of medical and hospital services furnished the employee and approving intervenors' indemnification out of the sums paid to satisfy plaintiff's judgment. Consequently, we vacate the judgment of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

LARSON, J., takes no part.