Bryan Lee **DANIELS** a/k/a Bryon Lee Daniels, Administrator of the Estate of Larry Dean Daniels, Deceased, Appellee,

**Franklin County and Iowa Small Business Employers, Inc.,** Intervenors–Appellants,

v.

**HI–WAY TRUCK EQUIPMENT, INC.,** Iowa Public Service Company, and Cormach S.R.L., Appellees.

Mary **FELDHOFF** and Melvin Feldhoff, Administrators of the Estate of Terry M. Feldhoff, Deceased, and Mary Feldhoff and Melvin Feldhoff, Individually, Appellees,

**Franklin County and Iowa Small Business Employers, Inc.,** Intervenors–Appellants,

v.

**HI–WAY TRUCK EQUIPMENT, INC.,** Iowa Public Service Company, and Cormach S.R.L., Randall J. Will, Gary Woodley, Richard Wildebour, and Bryan Lee Daniels a/k/a Bryon Lee Daniels, Administrator of the Estate of Larry Dean Daniels, Deceased, Appellees.

No. 92–1274.

Supreme Court of Iowa.

Aug. 25, 1993.

Michael R. Hoffmann and Steven R. Cantonwine of Hoffmann & Linquist, Des Moines, for intervenors-appellants.

T. Scott Banister of Hanson, Bjork & Russell, Des Moines, for appellee Bryan Lee Daniels.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for remaining appellees.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

■ Iowa's workers' compensation law provides that an employer or the employer's insurer is required, under certain circumstances, to pay a specified amount to the Second Injury Fund (Fund) if a compensable injury results in the death of an employee who leaves no dependents. Iowa Code §§ 85.65–.66 (1989) *as amended* 89 Acts, ch. 33, § 1. Here we must decide if an employer or its insurer may recover death benefits paid to the Fund from a wrongful death action settlement under either statutory indemnification rights or under equitable indemnification principles. The district court concluded that the employer or its insurer has no basis for indemnification for payments made to the Fund. We affirm.

I. *Background.*

Larry Dean Daniels and Terry M. Feldhoff were killed on June 12, 1989, in the course of their employment with Franklin County. The workers' compensation carrier, Iowa Small Business Employers, Inc., paid transportation and burial expenses for both men pursuant to Iowa Code section 85.29. Because neither Mr. Daniels nor Mr. Feldhoff had dependents, the insurer also paid a total of $30,000 to the Fund pursuant to Iowa Code section 85.65.

Administrators of the decedents' estates subsequently filed separate wrongful death actions against Hi–Way Truck Equipment, Inc., Iowa Public Service Co., and Cormach S.R.L. The cases were consolidated for trial. Franklin County and Iowa Small Business Employers, Inc. filed a petition of intervention and a notice of workers' compensation lien seeking indemnification from any recovery for the payment of decedents' transportation expenses, burial expenses, and for the payments made to the Fund. Intervenors claimed rights to indemnification pursuant to Iowa Code section 85.22(1) and direct recovery for indemnity based on equitable principles.

All parties to the underlying wrongful death action subsequently agreed to settle their claims. Under the proposed agreement intervenors were to receive no reimbursement for any sums paid. As a result, the parties were unable to secure the consent of the intervenors as required by Iowa Code section 85.22(3). The administrators and the defendants then filed a motion for summary judgment to resolve the amount of any workers' compensation lien and for a consent to settlement. They asserted that intervenors had no right of indemnification or lien against their proposed settlement, the payments to the Fund were not subject to the statutory lien provision, and no right of independent equitable action existed.

The district court found intervenors' right of indemnification under section 85.22(1) encompassed the payments for decedents' transportation and burial expenses. The court concluded that any right to indemnification under section 85.22(1) did not include the $30,000 paid to the Fund under section 85.65. Finally, the court found no basis for indemnification on equitable principles independent of their right under section 85.22. Accordingly, the court entered judgment on the workers' compensation lien for the transportation and burial expenses and dismissed the remainder of the petition for intervention. The intervenors appealed.

The questions presented in this appeal are (1) whether a workers' compensation employer whose employees are killed leaving no dependents, has a right of indemnification under Iowa Code section 85.22 for payments made to the Fund and (2) whether Iowa recognizes a claim for indemnity independent of section 85.22.

II. *Statutory indemnification rights.*

■ Under Iowa's workers' compensation law an employer or employer's insurer has a statutory right to be indemnified and to have a lien on any recovery or judgment entered in an action against a third-party tortfeasor. Iowa Code § 85.22(1). If the employee fails to bring an action against a third-party tortfeasor, the employer or the employer's insurer has a right of subrogation and may maintain an action against such third-party tortfeasor. Iowa Code § 85.-22(2). An employer or the employer's insurer that has paid workers' compensation benefits ordinarily has a right to intervene in the

employee's third-party tort action. *Mata v. Clarion Farmers Elevator Co-op.*, 380 N.W.2d 425, 427 (Iowa 1986). Section 85.-22(1) provides in part:

> If compensation is paid to the employee ... under this chapter, the employer by whom the same was paid, or the employer's insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest, except for such attorney fees as may be allowed, by the district court, to the injured employee's attorney ... and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable.

■ In the case in which an employee is killed and leaves no dependents, as we have here, the employer is statutorily required to pay any weekly compensation benefits due at the time of death, reasonable medical expenses, and burial expenses to the decedent's estate. Iowa Code § 85.29. Additionally, the employer or insurer must make payments to the Fund. Section 85.65 provides in part:

> The employer, or, if insured, the insurance carrier in each case of compensable injury causing death, shall pay to the treasurer of state for the second injury fund the sum of four thousand dollars in a case where there are dependents and fifteen thousand dollars in a case where there are no dependents.... These payments shall be in addition to any payments of compensation to injured employees or their dependents, or of burial expenses as provided in this chapter.

### A. Transportation and burial expenses.

■ The district court correctly found the payments for the decedents' transportation and burial expenses were encompassed by the lien provision of section 85.22. Transportation and burial expenses are analogous to medical and hospital expenses that we have considered compensation. *See Johnson v. Harlan Community Sch. Dist.*, 427 N.W.2d 460, 462–63 (Iowa 1988). Because payment of transportation and burial expenses benefit the employee or the employee's estate, they

should be considered compensation under the statute. As compensation paid for the benefit of the employee or the employee's estate, the employer or the employer's insurer is entitled to be indemnified under section 85.-22.

### B. Payments to the Second Injury Fund.

At issue in this appeal is the intervenors' claim that payments made to the Fund are "compensation" within the meaning of chapter 85 of the workers' compensation act. The district court concluded that payments to the Fund were not compensation.

■ To determine the intervenors' rights to indemnification we first look at the language of the statute and the context in which it is used. We must ascertain the intent of the legislature and construe the statutory language consistent with our case law. *Bertrand v. Sioux City Grain Exch.*, 419 N.W.2d 402, 404 (Iowa 1988).

We have previously held the language of section 85.22(1) "is ambiguous because it does not specify the type of damages to which the employer is entitled." *Bertrand*, 419 N.W.2d at 404. The term "compensation" has not been used consistently throughout chapter 85.

Intervenors urge the purpose of the lien provision is to indemnify the employer for all payments they were statutorily required to make on account of the employees' deaths. We have previously discussed the purpose of section 85.22(1). In *Johnson*, we stated:

> The purpose of ... section 85.22(1) is to permit the employer to recoup monies it has been required to pay under the provisions of chapter 85 from a tortious third party whose conduct has produced the injury which necessitated such payments.

427 N.W.2d at 462.

Similarly, we have stated the purpose of the lien provision "is to encourage employers to pay bills and benefits with the expectation that they may recoup those payments from responsible third parties." *Sladek v. K Mart Corp.*, 493 N.W.2d 838, 840 (Iowa 1992). The literal words of this section "might suggest that an employer has subrogation rights

against all wrongful death damages recovered by the estate...." *Bertrand,* 419 N.W.2d at 404.

■ We have construed the term "compensation" broadly. *See Johnson,* 427 N.W.2d at 461. Likewise, we have allowed an employer to be indemnified out of the recovery of damages from a third party allowed for pain and suffering. *Sourbier v. State,* 498 N.W.2d 720, 724 (Iowa 1993). Although we construe the term "compensation" broadly, we believe the district court correctly reasoned that compensation under section 85.22 does not extend to include payments to the Fund under section 85.65.

To accept intervenors' argument would be inconsistent with the language of the statutes and the policies behind the entire statutory scheme. Section 85.22(1) provides for indemnification for compensation paid to the employee, dependent, or trustee of such dependent. Payments to the Fund, on the other hand, are made to the Treasurer of Iowa. Iowa Code § 85.65. When an employee dies without dependents, the employer's statutory lien encompasses payments for medical expenses, burial expenses, and wages due and unpaid. *Id.* § 85.29. Section 85.29 states, "this shall be the only compensation." These sections omit any reference to payments to the Fund.

Our cases have held that an employer has a right to indemnification from a third-party tortfeasor for payments made to the employee or the employee's beneficiaries for certain losses suffered and services rendered. *See, e.g., Johnson,* 427 N.W.2d at 462. This type of compensation is clearly a benefit to the employee or the employee's estate because it relieves the employee or the beneficiaries of otherwise unavoidable expenses. By contrast, the statutorily required payment to the Fund is related to neither a specific loss suffered nor a service rendered on account of the employee's death.

We believe one of the purposes of the right of indemnification is to prevent double recovery by the employee or the beneficiaries. To permit intervenors to recover payments to the Fund would not prevent double recovery, but would really be in the nature of a penalty against the decedents' estates. Because decedents' estates have received no benefit from these payments, there can be no double recovery from the settlement proceeds.

We find the language and structure of the Second Injury Compensation Act evinces a clear intent that payments to the Fund are a separate and distinct class not recoverable under section 85.22. Section 85.65 provides, "[t]hese payments shall be in addition to any payments of compensation to injured employees or their dependents or of burial expenses as provided in this chapter." Under section 85.65, payments to the Fund are required regardless of whether the employee left dependents.

Further, the amount of contribution to the Fund has been arbitrarily fixed by the legislature and is not measured by the character or extent of the employee's loss or injury. We agree with the Minnesota Supreme Court which held such payments are intended to benefit the workers' compensation system as a whole, and, are in reality an "assessment imposed by the legislature upon the workers compensation insurer." *Illg v. Forum Ins. Co.,* 435 N.W.2d 803, 805 (Minn.1989).

In concluding intervenors payment of $30,-000 to the Fund is not subject to indemnification under section 85.22, we join the majority of courts of other jurisdictions who have disallowed similar types of payment to similar funds. *See Farm Bureau Mut. Ins. Co. v. Commercial Standard Ins. Co.,* 5 Kan. App.2d 127, 612 P.2d 1265, 1268 (1980); *Illg,* 435 N.W.2d at 805–07; *Texas Employers Ins. Ass'n v. Myers,* 496 S.W.2d 940, 942 (Tex.Civ.App.1973); *Allstate Ins. Co. v. Bliss,* 725 P.2d 1330, 1333–34 (Utah 1986).

Intervenors urge that we follow the California courts which hold that payment into a similar fund is "compensation" and may be recovered by the employer or insurer against a third-party tortfeasor. *See Eli v. Travelers Indem. Co.,* 190 Cal.App.3d 901, 235 Cal. Rptr. 704 (1987); *Travelers Ins. Co. v. Sierra Pacific Airlines,* 149 Cal.App.3d 1144, 197 Cal.Rptr. 416 (1983); *Associated Indem. Corp. v. Pacific Southwest Airlines,* 128 Cal. App.3d 898, 180 Cal.Rptr. 685 (1982).

Unlike the Iowa statute, California's workers' compensation statute specifically provides a cause of action to recover sums paid to the department of industrial relations. *See* Cal.Lab.Code § 3852 (West 1981). The amount of the contribution in California "is determined as an amount equal to the total dependent death benefits plus such accrued unpaid compensation...." *Associated Indem. Corp.*, 180 Cal.Rptr. at 688. In California it is clear the legislature intended to hold third parties liable for all consequences of their acts. *Id.* at 688–90. No such intent can be gleaned from Iowa law. We affirm the district court's conclusion that compensation under section 85.22 does not include the amount paid by intervenors to the Fund pursuant to section 85.65.

III. *Equitable indemnification.*

■ The second question presented is whether intervenors have a right of indemnification based on equitable principles. The district court determined intervenors had no cause of action for indemnity independent of their rights under section 85.22. We agree.

We have recognized four grounds of indemnity: "(1) express contracts; (2) vicarious liability; (3) a breach of independent duty of the indemnitor to the indemnitee; and (4) secondary as opposed to primary liability." *American Trust & Sav. Bank v. United States Fidelity & Guar. Co.*, 439 N.W.2d 188, 190 (Iowa 1989). The fourth ground, active-passive negligence, was abandoned in *American Trust & Savings Bank. Id.* at 190.

In this case, no express contract existed between the intervenors and the employees. Second, the employees were not in any manner liable for the payments to the Fund. Finally, the employees owed no independent duty to the intervenors. We conclude no ground for indemnity remains independent of section 85.22. The district court properly denied the intervenors' claim based on equitable indemnification principles.

**AFFIRMED.**