**Jose C. VENEGAS, Appellee,**

v.

**IBP, INC., Appellant.**

**No. 00–0151.**

Supreme Court of Iowa.

Jan. 24, 2002.

James C. Drury, Dakota City, Nebraska, for appellant.

H. Allan Sturgeon, Sioux City, for appellee.

CARTER, Justice.

IBP, Inc. (IBP), employer of workers' compensation claimant, Jose Venegas, urges that the district court erred in rejecting the Industrial Commissioner's determination apportioning his permanent partial disability between a current injury and a prior disability. The district court disagreed and ruled that IBP was bound to compensate claimant for the full extent of his industrial disability then existing. We agree with that conclusion and affirm the judgment of the district court.

In October 1991 claimant, born July 16, 1936, injured his lower back while working in a bagel factory in California. A disability evaluation estimated that he had sustained a permanent partial disability of thirty-five percent of the body as a whole, entitling him to 150.75 weeks of compensation payable at $148 per week. He was given work restrictions by his examining physician, which precluded heavy lifting and frequent bending or stooping.

In 1993 claimant took a position with IBP in Sioux City. His first job required him to use a straight knife to open cattle stomachs and empty the contents. He did this job for two years and was then transferred to a job that required him to vacuum carcasses with a steam vacuum cleaner counterbalanced with weight. On June 15, 1996, while performing the latter task, he sustained another low-back injury. An MRI revealed a herniated nucleus pulpous at L4–5. His treating physician recommended surgery to relieve discomfort. That surgery was performed on December 4, 1996.

Four months later claimant's doctor certified that he had reached maximum medical improvement. His doctor believed that he could return to his preinjury job by undergoing a progressive work hardening regimen. Upon returning to work, claimant continued to experience lower-back pain that prevented.him from doing his job. After being moved from job to job in an effort to accommodate his physical limitations, he left his work at IBP in November 1997.

At an arbitration hearing to determine claimant's permanent partial disability, if any, as a result of the June 15, 1996 inju-

ry, the medical evidence indicated he had sustained a nineteen percent permanent partial impairment to the body as a whole. The deputy industrial commissioner concluded that this rating was not a fair assessment of the claimant's industrial disability. Because of claimant's lack of education and physical inability to perform the range of manual labor tasks for which he was primarily suited, the deputy fixed the extent of his permanent partial disability at fifty-five percent of the body as a whole. The deputy concluded, however, that, because of the thirty-five percent disability to the body as a whole that had previously been established in the California workers' compensation proceeding, IBP should only be responsible for benefits attributable to the additional twenty percent of claimant's disability. The Industrial Commissioner's review decision upheld the deputy's determination.

On judicial review the district court, relying on our decisions in *Second Injury Fund v. Nelson*, 544 N.W.2d 258 (Iowa 1995), and *Celotex Corp. v. Auten*, 541 N.W.2d 252 (Iowa 1995), determined that apportionment of responsibility for claimant's disability was unwarranted and that IBP was responsible for the total amount of his industrial disability. Other circumstances that bear on the issues presented will be discussed in connection with our consideration of the legal arguments.

### I. Scope of Review.

■ Our review of this case is governed by Iowa Code section 17A.19(8) (1997). Pursuant to that statute, we seek to ascertain whether the district court's conclusions on matters of law correspond to those of this court. *Nelson*, 544 N.W.2d at 264. Although we give limited deference to the Industrial Commissioner's interpretation of the statutes governing his agency, the proper interpretation of the workers'

compensation statutes presents a question of law for this court. *Second Injury Fund v. Braden*, 459 N.W.2d 467, 468 (Iowa 1990).

### II. Apportionment of Industrial Disability Among Separate and Distinct Causes.

■ In *Nelson* we determined that "[w]hen there are two successive *work-related* injuries, the employer liable for the second injury 'is generally held liable for the entire disability resulting from the combination of the prior disability and the present injury.'" *Nelson*, 544 N.W.2d at 265 (quoting *Celotex Corp.*, 541 N.W.2d at 254). In *Nelson* the claimant incurred a work-related injury in 1963, which resulted in a compensable impairment of a scheduled member (leg). In 1988 he suffered a shoulder injury at work that produced additional permanent industrial disability. This court held that in determining his disability his present employer was liable for the full amount of the permanent disability produced by work-related injuries. *Nelson*, 544 N.W.2d at 265.

IBP urges that the applicability of the rule espoused in *Nelson* only extends to situations where the successive compensable injuries are with the same employer. We disagree. We find no basis for distinguishing between work-related disabilities with the same employer and work-related disabilities with different employers in the application of the full-responsibility rule. No such distinction was made in *Nelson* in which we stated:

[T]he employer liable for the *current injury* is also liable for *any preexisting industrial disability caused by a work-related injury* when that disability combines with industrial disability caused by a later injury.

*Id.* (emphasis added).

In *Celotex* we reviewed the provisions of Iowa Code section 85.36(10)(c) (later reco-

702

dified as section 85.36(9)(c)). That statute provides:

In computing the compensation to be paid to any employee who, before the accident for which the employee claims compensation, was disabled and drawing compensation under the provisions of this chapter, the compensation for each subsequent injury shall be apportioned according to the proportion of disability caused by the respective injuries which the employee shall have suffered.

In determining the consequences of this statute on the apportionment of disabilities, *Celotex* interpreted the requirement of drawing compensation "before the accident" as meaning drawing compensation at the time the second injury was sustained. *Id.* at 256. Based on that interpretation, we concluded that the legislature had only provided for apportionment in a limited situation not applicable in that case. The present case is similarly outside the application of this statute as interpreted in *Celotex.* We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**