**BANKERS STANDARD INSURANCE CO., Appellee,**

v.

**Carson P. STANLEY, Appellant.**

No. 02–0284.

Supreme Court of Iowa.

May 7, 2003.

James J. Roth of Roth & Henkels, Dubuque, for appellant.

John M. Bickel and Robert K. Porter of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee.

CADY, Justice.

In this appeal we must decide if a contested case settlement in a workers' compensation action under Iowa Code section 85.35 (2001) bars a subsequent claim by the employer and insurer under section 85.22(1) for indemnification in an employee's action for damages against a third-party tortfeasor for the amount of workers' compensation paid to the employee. The district court concluded the employer was not barred from seeking indemnification following a contested case settlement. On our review, we reverse the decision of the district court and remand the case for entry of judgment for the employee.

## I. Background Facts and Proceedings.

Carson P. Stanley (Stanley) was employed by G–Line Trucking, Inc. He was injured while in the course of his employment on October 1, 1997. The injuries resulted from a motor vehicle accident with the driver of an automobile.

Stanley filed a claim against G–Line Trucking and its compensation carrier, Bankers Standard Insurance Company (Bankers Standard), for workers' compensation benefits as a result of the injuries sustained from the accident. The claim resulted in a special case compromise settlement between the parties in the amount of $63,065. The written settlement agreement was submitted to the workers' compensation commissioner for approval.

The workers' compensation commissioner approved the settlement by an order entered on February 18, 1999. The order provided that the payment of the agreed settlement amount by the employer and insurance carrier would discharge them from further liability to the claimant and constituted "a final bar to any further rights arising under chapters 85, 85A, 86, 87 or 17A, Code of Iowa."

Stanley subsequently made a claim against the driver of the automobile for damages arising from the October 1997 incident. This claim resulted in a settlement with the driver's insurance carrier of $50,000. Bankers Standard then brought an action for indemnification against Stanley pursuant to Iowa Code section 85.22(1). Bankers Standard claimed it was entitled to the $50,000 settlement amount, less the amount of attorney fees incurred in obtaining the settlement. Iowa Code § 85.22(1).

Both Stanley and Bankers Standard moved for summary judgment. Stanley argued that indemnification was barred by the language of Iowa Code section 85.35 providing "an approved settlement shall constitute a final bar to any further rights arising under this chapter." He also argued that the language of the settlement agreement approved by the commissioner barred any indemnification claim.

The district court granted summary judgment for Bankers Standard. It found the intent of the settlement agreement was to protect Bankers Standard from further claims by Stanley, not to protect Stanley from any claim by Bankers Standard for indemnification. Similarly, it concluded the "final bar" language of section 85.35 was only intended to protect employers and insurance carriers from further lawsuits.

Stanley appeals. The sole issue he presents is whether section 85.35 bars indemnification claims following a contested case settlement. He does not pursue his claim raised in district court that the settlement agreement barred the claim.

## II. Standard of Review.

This case involves the review of a grant of summary judgment and the interpretation of a statute. Our review is for errors at law. Iowa R.App. P. 6.4.

## III. Statutory Construction.

██ Courts interpret statutes with a goal to effectuate the intent of the legislature. *Miller v. Marshall County*, 641 N.W.2d 742, 747–48 (Iowa 2002). In determining legislative intent, courts look to the language of the statute, the underlying purpose and policies of the statute, and the consequences of different interpretations. *State v. Carpenter*, 616 N.W.2d 540, 542 (Iowa 2000). Intent is revealed by what the legislature has said, not by "what it could or should have said." *Theisen v. Covenant Med. Ctr., Inc.*, 636 N.W.2d 74, 80 (Iowa 2001).

██ "When a statute is unambiguous," courts do not need to "look beyond the plain meaning of the express statutory" language. *Miller*, 641 N.W.2d at 748. If a statute is ambiguous, then the rules of statutory construction are utilized to help ascertain legislative intent. *Id.*

██ It is also important to keep in mind that our workers' compensation laws are for the benefit of the worker. *Caterpillar Tractor Co. v. Shook*, 313 N.W.2d 503, 506 (Iowa 1981). Consequently, they should be liberally construed with a view toward that purpose. *Id.*

## IV. Interpretation of Iowa Code Section 85.35.

Section 85.35 allows for the settlement of contested workers' compensation cases. It permits the parties in a contested case to enter into a settlement providing for the final disposition of the claim, subject to approval of the settlement by the workers' compensation commissioner. The statute also enumerates eight additional conditions and prerequisites. After enumerating these conditions, the statute provides that the approved settlement is binding on the parties and is not an original proceeding.

It then sets forth the specific provision at issue in this case:

> Notwithstanding any provisions of this chapter and chapters 85A, 85B, 86, and 87, an approved settlement shall constitute a final bar to any further rights arising under this chapter and chapters 85A, 85B, 86, and 87.

Iowa Code § 85.35.

The dispute is generated because section 85.22, one of the "provisions of this chapter," grants employers a right of indemnification in an employee's third-party claim for damages. *Id.* § 85.22. There is otherwise no right to indemnity independent of the statute. *See Daniels v. Hi–Way Truck Equip., Inc.,* 505 N.W.2d 485, 490 (Iowa 1993). Thus, the narrow question we face is whether the legislature intended the settlement of a contested workers' compensation case under section 85.35 to bar all statutory workers' compensation rights of the parties or only the rights of the worker.

■ We begin by considering the specific language used by our legislature in section 85.35. By itself, this language is plain and clear. It provides, without qualification or limitation, that an approved settlement constitutes "a final bar to any further rights" under the workers' compensation chapter and successive compatible chapters. A settlement is, of course, an agreement between the employee and employer or insurer, and the workers' compensation laws grant various rights to these parties. *See* Iowa Code § 85.35. The workers' compensation chapter specifically grants the employer or insurer the right to be indemnified when an employee recovers damages in an action against a third party. *Id.* § 85.22(1). Thus, if section 85.35 means what it says, a contested case settlement bars the rights of an employer or insurer to indemnification against the employee under section 85.22(1).

Bankers Standard argues that the bar to an employer's right to indemnification was not an intended consequence of the "final bar" language of section 85.35. It asserts it would be illogical to interpret the statute to bar indemnification rights following a settlement, yet permit indemnification if the parties proceed to a final hearing. It also points out that a bar to the right of indemnification is contrary to the purposes and objectives of indemnification because it will permit double recovery for employees following a settlement. Bankers Standard further argues such a bar defeats the goals of encouraging and promoting settlement under section 85.35 because the bar becomes a disincentive for an employer to settle. Bankers Standard believes employers and insurers will reject settlements to preserve their right of indemnification following a hearing.

■ We agree with Bankers Standard that one of the purposes of providing indemnification under section 85.22(1) is to permit an employer to recoup from tortious third parties money it has been required to pay. *Daniels,* 505 N.W.2d at 489. Indemnification also prevents double recovery by employees. *Id.* We also agree the public policy of this state encourages settlement of contested workers' compensation claims. *See Stufflebean v. City of Fort Dodge,* 233 Iowa 438, 441–42, 9 N.W.2d 281, 283 (1943) (describing the purposes of the workers' compensation act, including avoiding litigation and reducing expenses); *see also Wright v. Scott,* 410 N.W.2d 247, 249 (Iowa 1987) ("The law favors settlement of controversies."); *World Teacher Seminar, Inc. v. Iowa Dist. Ct.,* 406 N.W.2d 173, 180 (Iowa 1987) (Wolle, J., concurring specially) (listing several Iowa cases supporting settlement). However, a prohibition against indemnification following a contested case settlement is neither contrary to the underlying

purposes of indemnification or a disincentive to settle.

A legislative bar to indemnification upon settlement of a contested case does not defeat the objectives of indemnification, but merely recognizes that the issue of indemnification, when present, must be considered in the process of settling a contested case because the settlement will otherwise bar the statutory rights of the parties available under the workers' compensation laws. Thus, the "final bar" language of section 85.35 merely defines the scope of a contested case settlement, which requires the parties to consider all rights within the scope of settlement. Similarly, it is not inconsistent to permit indemnity following a contested hearing but bar indemnity following a contested case settlement. A settlement is a voluntary surrender of rights.

Bankers Standard points out that insurers commonly use their right to indemnity granted under section 85.22(1) as a bargaining chip in negotiating settlements under section 85.35. As a bargaining chip, insurers will agree to waive indemnity as an incentive for the employee to accept the settlement. It is in this manner that the right of indemnity promotes settlement. However, little changes if an employer or insurer is barred from pursuing indemnity following a settlement. The employer or insurer can still play the chip as an incentive to promote settlement. The difference is that the employer or insurer cannot hold the bargaining chip back, but must play it as part of the settlement. Nevertheless, it does not provide a disincentive to settle the case.

Finally, Bankers Standard argues that we have tacitly interpreted section 85.35 to exclude indemnification from the "final bar" provision because we have decided prior cases in which an employer has sought indemnification following a settlement without questioning the employer's right to pursue indemnification. *See Thomas v. Hansen,* 524 N.W.2d 145, 147–48 (Iowa 1994). Such cases, however, do not involve the exercise of our authority to interpret statutes, and cannot be used to support a claim for any particular interpretation of a statute. We have never previously been asked to address the issue presented in this case, and we are not restricted in our task by prior cases that did not involve the issue.

■ The language of section 85.35 contains no limitation on the "final bar to any further rights" other than the bar applies only to those rights arising under chapters 85, 85A, 85B, 86, and 87. Iowa Code § 85.35. Contrary to Bankers Standard's position, we cannot read something into the statute " 'that is not apparent from the words' " selected by our legislature. *State ex rel. Miller v. Midwest Pork L.C.,* 625 N.W.2d 694, 699 (Iowa 2001) (citation omitted). A workers' compensation statute must be construed according to its language. *Ehteshamfar v. UTA Engineered Sys. Div.,* 555 N.W.2d 450, 453 (Iowa 1996). Additionally, the objectives and purposes of the statute are not undermined in any way by an interpretation that bars the right of indemnification. To the contrary, the objectives and purposes of the statute are served. Therefore, we hold that a section 85.35 settlement bars an employer's and insurer's indemnification right under section 85.22(1). This interpretation not only matches the language of the statute and promotes its purposes and objectives, but it is also compatible with our obligation to construe workers' compensation statutes liberally in favor of the worker. It is better for the worker to know, prior to settling a contested case, that the settlement will cut off all rights between the parties, and that the pursuit of any legal rights against a third party

after the settlement will be free from a claim of indemnity by the employer or its insurer.

## V. Conclusion.

We conclude a settlement under section 85.35 bars an employer's or insurer's statutory right to indemnification under section 85.22(1). We reverse the judgment of the district court and remand the case for entry of judgment for Stanley.

**REVERSED AND REMANDED.**

All justices concur except CARTER, J., who takes no part.