UNITED FIRE & CASUALTY COMPANY, Appellant,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee.

No. 03–0602.

Supreme Court of Iowa.

April 7, 2004.

Rehearing Denied April 26, 2004.

Maureen Roach Tobin of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Peter M. Sand and Anita L. Dhar of Grefe & Sidney, P.L.C., Des Moines, for appellee.

WIGGINS, Justice.

In this appeal, we must decide whether a settlement agreement approved by the workers' compensation commissioner pursuant to Iowa Code section 85.35 (1999)[1]

---

1. Practitioners commonly refer to a settle-
ment under section 85.35 as a compromise

barred a subsequent claim by the employer and its insurer for indemnification under section 85.21(3). The district court concluded the employer and its insurer could seek indemnification from the other insurer following the approval of a compromise special case settlement. We disagree, reverse the decision of the district court, and remand the case for entry of judgment for United Fire & Casualty Company (United Fire).

## I. Background Facts and Proceedings.

On September 14, 1995, Patricia Akers (Akers) injured her back while employed for Woodmarc. Akers' injury occurred while she was wiping wood stain from a cabinet. USF&G insured Woodmarc. Since that time, St. Paul Fire and Marine Insurance Company (St. Paul) acquired USF&G. Akers' treating physician, Dr. Donna Bahls, diagnosed Akers with low back strain and degenerative joint disease of the lumbar spine. Dr. Bahls recommended conservative treatment. On May 10, 1996, Dr. Bahls opined, "I feel that she is at maximum medical improvement as far as her lumbar strain is concerned, and I do not feel that there is a permanent impairment rating to be rendered." Akers quit her employment with Woodmarc, because she could not handle her pain. Akers filed a claim for workers' compensation benefits against Woodmarc and St. Paul for the September 14, 1995, injury.

On February 19, 1998, Akers suffered a new onset of pain in the same area as her 1995 injury, while employed for Coon River Bar & Grill, which was insured by United Fire. This injury occurred when she lifted a box of cola syrup. United Fire sent her to Dr. Lynn Nelson for treatment. Dr. Nelson determined that no significant aggravation of her prior back condition had occurred and released her from care. Dr. Nelson opined, "[H]er low back discomfort is most likely related to the degenerative disc disease. I do not feel that work restrictions are related in regards to her [1998] work injury." Akers never filed a claim for workers' compensation benefits against Coon River Bar & Grill or United Fire for the February 19, 1998, injury.

On November 2, 1998, Akers sought care from Dr. Daniel McGuire, who recommended spinal fusion surgery. Dr. McGuire performed the fusion on January 21, 1999. In a July 28, 1999, letter to Akers' attorney, Dr. McGuire characterized the 1995 injury as "probably the main event" causing her injury. He stated, "It would appear that her low back complaints have been fairly consistent as you have documented since the work incident at Woodmarc almost four years ago." He concluded Akers had a two percent impairment after the fusion surgery. He also restricted her lifting, bending, sitting, and twisting. At Dr. McGuire's first deposition on September 20, 1999, he confirmed the opinions he gave in his July 28, 1999, letter.

On September 27, 1999, St. Paul filed an application for an order under Iowa Code section 85.21 to pursue United Fire for indemnification or contribution. The Iowa Workers' Compensation Act allows an employer or carrier to seek an order from the workers' compensation commissioner allowing it to file a contested case proceeding against another employer or carrier who may be responsible for all or part of the benefits paid to an employee by the

special case settlement. 15 James R. Lawyer & Judith Ann Graves Higgs, *Iowa Practice: Workers' Compensation* § 26–3, at 271 (2004).

requesting employer or carrier. Iowa Code § 85.21(3). St Paul's application alleged that "claimant's industrial disability and majority of medical expenses are due to a February 19, 1998, injury while working for Coon River Bar & Grill ... and [St. Paul] intend[s] to pursue reimbursement of the benefits paid from Coon River Bar & Grill and [United Fire] pursuant to this Order." The deputy commissioner issued an order approving this request on September 27, 1999.

Instead of filing its section 85.21 action against United Fire, St. Paul pursued a settlement with Akers. On October 5, 1999, St. Paul, Woodmarc, and Akers filed a compromise special case settlement agreement with the workers' compensation commissioner pursuant to Iowa Code section 85.35. The bona fide dispute alleged in the agreement was whether the claimed injury arose out of or in the course of Akers' employment with Woodmarc. The compromise special case settlement agreement specifically stated the agreement covered the September 14, 1995, injury date. The compromise special case settlement included the following clause:

> The parties agree that all payments made in the amount of $39,972.42 are made pursuant to an already filed order per § 85.21 of the Code. It is understood between these parties that the insurance carrier of the employer will proceed pursuant to that code section with a claim against United Fire and Casualty and Coon River Bar and Grill for payments of benefits arising from an injury date [of] 2/19/98.

The workers' compensation commissioner approved the compromise special case settlement on October 6, 1999.

On November 4, 1999, St. Paul filed its section 85.21 contested case action against United Fire with the workers' compensation commission. St. Paul sought indemnification from United Fire for the entire amount it paid Akers under the compromise special case settlement. In connection with the section 85.21 action, Dr. McGuire gave a second deposition in October of 2001. St. Paul's attorney conducted the direct examination. On direct examination, Dr. McGuire stated Akers' 1998 injury was an "aggravation" of the 1995 injury. He also conceded both the 1995 and 1998 injuries represented significant reasons why he performed the surgery on Akers. On cross-examination by United Fire's attorney, however, Dr. McGuire identified the precipitating event for the surgery as the 1995 injury. Dr. McGuire also reiterated he would not have recommended surgery absent a four to five-year history of problems relating to the 1995 injury.

United Fire moved for summary judgment, which the commissioner denied. The matter proceeded to hearing on December 18, 2001. On February 6, 2002, the deputy workers' compensation commissioner filed his decision. The deputy interpreted section 85.35 and concluded a compromise special case settlement under section 85.35 did not constitute a final bar to St. Paul's right to indemnification or contribution under section 85.21(3). The deputy found both the 1995 injury at Woodmarc and the 1998 injury at Coon River Bar & Grill to be significant causes of Akers' disability. The deputy further found the commuted value of Akers' weekly benefits for the industrial disability caused by both injuries exceeded the cash paid to Akers by St. Paul under the compromise special case settlement. The deputy noted the full responsibility rule applies to situations when there are two different injuries with two

different employers.[2] He then found that the disability caused by the 1995 injury was not ascertainable; thus, he was unable to apportion the disability between the two injuries. For these reasons, the deputy ordered United Fire to reimburse St. Paul the entire amount St. Paul paid to Akers pursuant to the compromise special case settlement.

United Fire appealed within the agency and on October 2, 2002, the workers' compensation commissioner issued its appeal decision affirming and adopting the arbitration decision as the final agency action. The appeal decision stated:

> It would have been preferable for St. Paul to have brought its action for reimbursement by asserting a date of injury of February 19, 1998, rather than September 14, 1995. United Fire and Casualty was not deceived or prejudiced, however, because the nature and theory of St. Paul's claim was concisely stated. That error, if it was an error, does not require a different outcome.

On judicial review, the district court affirmed the agency decision. United Fire appeals.

## II. Issues.

We must determine whether approval of the compromise special case settlement barred St. Paul's right to indemnification or contribution under section 85.21(3). If that right is not barred, we must next determine whether there was substantial evidence to support the agency's findings that the 1998 incident caused Akers' industrial disability or medical expense.

## III. Scope of Review.

Our review of a district court's decision on judicial review of an agency decision is to correct erroneous interpretations of law. Iowa Code § 17A.19(8)(b) (2001).[3] The commissioner's factual findings are binding on this court if supported by substantial evidence. *See* Iowa Code § 17.-A.19(10)(f)(1) (defining substantial evidence as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance"). "The burden of demonstrating the required prejudice and the invalidity of agency action is on the party asserting invalidity." Iowa Code § 17A.19(8)(a).

## IV. Statutory Interpretation.

Our goal in interpreting the Workers' Compensation Act "is to determine and effectuate the intent of the legislature." *Aluminum Co. of Am. v. Quinones,* 522 N.W.2d 63, 65 (Iowa 1994). "We look to the object to be accomplished, the mischief to be remedied, or the purpose to be served, and place on the statute a reasonable or liberal construction which will best effect, rather than defeat, the legislature's purpose." *Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 283 (Iowa 1983). Moreover, the court interprets workers' compensation law according to the language the legislature has chosen.

---

2. *See Venegas v. IBP, Inc.,* 638 N.W.2d 699, 701 (Iowa 2002) (stating "the employer liable for the current injury is also liable for any preexisting industrial disability caused by a work-related injury when that disability combines with industrial disability caused by a later injury").

3. Our review of this case is controlled by the 1998 amendments made to chapter 17A. All citations to chapter 17A are to the 2001 Iowa Code. *See Mosher v. Dep't of Inspections & Appeals,* 671 N.W.2d 501, 507 n. 1 (Iowa 2003).

*Zomer v. West River Farms, Inc.*, 666 N.W.2d 130, 133 (Iowa 2003).

Finally, we must determine whether we will give deference to the agency's interpretation of section 85.35. Iowa Code § 17A.19(11). Given that the legislature did not vest discretion with the agency to interpret this section, we must determine if we will defer to the agency's interpretation pursuant to section 17A.19(11)(*b*). We conclude we will not defer to the agency's interpretation, because the statute is clear, detailed, does not need "special expertness for adequate comprehension," and is not "highly technical." *Mosher*, 671 N.W.2d at 510–11.

## V. Analysis.

Although we have never decided the effect of a special case settlement on the employer's and its insurer's right to indemnification or contribution under Iowa Code section 85.21, we have examined their right to indemnification under section 85.22. *Bankers Standard Ins. Co. v. Stanley*, 661 N.W.2d 178 (Iowa 2003). Under section 85.22(1), if an employee recovers damages from a third party for an injury, for which the employee received workers' compensation benefits, the employee is required to repay the employer and its insurer from the recovery an amount equal to the workers' compensation benefits the employee received, less attorney fees. Iowa Code § 85.22(1). A compromise special case settlement, however, bars indemnity claims by an employer and its insurer under section 85.22(1). *Bankers Standard Ins. Co.*, 661 N.W.2d at 183. A compromise special case settlement not only precludes the right of the employer and its insurer to be indemnified by the employee when the employee receives funds from a third party, it also precludes the right of the employer and its insurer to pursue any legal right to indemnification against a third party. *Id.* at 182–83. Once the parties enter into a compromise special case settlement, the employee is free to pursue a claim against a third party without the requirement of reimbursing the employer and its insurer. The employer's and its insurer's relinquishment of their right to indemnification is part of the consideration an employee receives when the parties enter into a special case settlement. *Id.* at 182.

Section 85.21(3) creates the right to indemnification or contribution for a payor of benefits against another employer or its insurer who may be liable to the employee for all or part of the benefits paid by the payor. Iowa Code § 85.21(3). St Paul attempts to distinguish our holding in *Bankers Standard*, because the two parties to the compromise special case settlement in the present case are not the same parties to the section 85.21(3) action. This is a distinction without meaning.

*Bankers Standard* makes it clear that a compromise special case settlement bars the right to indemnification under section 85.22(1). *Bankers Standard*, 661 N.W.2d at 182–83. The extinguishment of the right to indemnification includes any right the employer and its insured may have against third parties. *Id. Bankers Standard's* reasoning is equally applicable to St. Paul's right to indemnification or contribution under section 85.21(3). Under the plain language of section 85.35, the compromise special case settlement "constitute[s] a final bar to any further rights arising under" chapter 85, including St. Paul's right to indemnification or contribution under section 85.21(3).

St. Paul also argues *Banker's Standard* is distinguishable from the present case, because the language in the compromise special case settlement agreement preserved St. Paul's right to proceed against United Fire under section 85.21. We do

not find this argument persuasive. The approval of the compromise special case settlement terminated the workers' compensation commissioner's jurisdiction over any claims arising out of a properly approved compromise special case settlement. *White v. Northwestern Bell Tel. Co.*, 514 N.W.2d 70, 74 (Iowa 1994). The language of the compromise special case settlement cannot revive the commissioner's jurisdiction for the 1995 injury. *Id.* at 75.

The only right St. Paul attempted to reserve in the compromise special case settlement was its right under section 85.21 to "proceed pursuant to that code section with a claim against United Fire and Casualty and Coon River Bar and Grill for payments of benefits arising from an injury date [of] 2/19/98." Despite this language in the agreement, the approval of the compromise special case settlement by the workers' compensation commissioner extinguished St. Paul's right to indemnification and contribution under section 85.21. Thus, we cannot give any force and effect to the language in the compromise special case settlement agreement that attempted to reserve St. Paul's right to indemnification or contribution.

Because this analysis is dispositive of the appeal, we do not reach the substantial evidence issue.

### VI. Disposition.

We conclude a compromise special case settlement under section 85.35 bars an employer's or its insurer's statutory right to indemnification and contribution under section 85.21(3). We reverse the judgment of the district court and remand the case for entry of judgment for United Fire.

**REVERSED AND CASE REMANDED.**

All justices concur except CARTER, J., who concurs specially.

CARTER, Justice (concurring specially).

I concur in the result because Iowa Code section 85.22 only comes into play when "compensation is payable under this chapter." With respect to a special case settlement, Iowa Code section 85.35 provides that "[s]uch payment shall not be construed as a payment of weekly compensation." Consequently, I do not believe such payment constitutes compensation payable under chapter 85.

I cannot join the majority opinion because I am convinced that *Bankers Standard Insurance Co. v. Stanley*, 661 N.W.2d 178 (Iowa 2003), on which the court relies, was wrongly decided.